[No. 5,913.]

STEWART ET AL. v. MAHONEY MINING CO. ET AL.

CORPORATION—STOCKHOLDER—ELECTION.—A person to whom stock has been issued as trustee, without the knowledge or consent of the owners, is not a *bona fide* stockholder within the meaning of § 312, Code of Civil Procedure; and where, without stock thus issued, a majority of the stock is not represented at a meeting for the election of trustees, the election is void.

SPECIAL PROCEEDINGS—COURT.—Under § 76, Code of Civil Procedure, courts are always open to hear special proceedings of a civil nature.

APPEAL from a judgment annulling an election of directors of a corporation, in the Nineteenth District Court, City and County of San Francisco. WHEELER, J.

This was a proceeding under § 315, Code of Civil Procedure, to annul an election of directors of the corporation defendant. The other facts are stated in the opinion.

*G. F. & W. H. Sharp,* for Appellants.

At the time of the election, Bush had the legal title to the stock, and the stockholders were bound to recognize his right to represent and vote said stock at the election. ( *Weaver* v. *Bardon,* 49 N. Y. 290.)

*McAllister & Bergin,* for Respondents.

In order to vote at such election the stockholder must be *bona fide.* (Code Civ. Proc. § 312 ; *Calaveras Co.* v. *Brockway,* 30 Cal. 338.)

Department No. 2, MYRICK, J. :

The question involved in this case is as to the validity of an election of trustees of the defendant, the Mahoney Mining Company, a corporation. The stock of the corporation is divided into 12,000 shares, of which 6,140 were voted at the meeting held May 1st, 1877. Of these 6,140 shares, 1,000 stood in the name of " H. P. Bush, trustee," and were voted by him. Bush had no interest in the 1,000 shares, nor was he the owner of any of the stock of the corporation. The 1,000

shares were owned as follows: Bell, 400 shares; Sharon, 400; Flood & O'Brien, 200; neither of whom authorized Bush to represent them, or, in fact, knew of the meeting. The stock had been issued in the name of Bush, trustee, by the secretary, without authority, and without the knowledge of the owners, for reasons not appearing in the record. On the trial, the secretary, when asked what authority he had for issuing the stock to Bush, replied: "There was no authority necessary at all. If you knew the rules of business you would not ask the question. Mr. Bush was my private secretary, and all stocks of those that we call manipulators are never issued in their names; they generally have it issued to a man in the office, and for that reason all such stocks were issued in the name of Hyman P. Bush."

Section 312, Code of Civil Procedure, requires that every person voting at a meeting, in person or by proxy, or by representative, must be a member thereof, or a *bona fide* stockholder, having stock in his own name on the stock books.

Bush was not the proxy or representative of either of the owners of the stock, nor was he a member of the corporation, nor was he a *bona fide* stockholder; therefore, he had no legal right to vote the stock. Without the stock assumed to be represented by him, but 5,140 shares were represented at the meeting, and the proceedings were not in compliance with the statute.

An objection is made by the appellant that the Court below had no jurisdiction to hear the case, because the order to show cause was made returnable June 15th, 1877, during vacation, the Court having adjourned May 2nd, 1877, until July 9th, 1877. Section 76, Code of Civil Procedure, is a complete answer to the objection. By that section the Court was always open to hear special proceedings of a civil nature, of which this is one.

The judgment of the Court below is affirmed.

THORNTON, P. J., and SHARPSTEIN, J., concurred.