MAGGIE WHITBECK, RESPONDENT, *v.* THE MONTANA CENTRAL RAILWAY CO. AND THE GREAT NORTHERN RAILWAY CO., PETITIONERS.

[Submitted April 6, 1898.   Decided April 25, 1898.]

*Judgment— Vacation—Power of Court.*

Under Constitution, Article 8, Section 17, and Code of Civil Procedure, Section 33, abolishing terms of court in judicial districts composed of one county, and Sections 1720, 1722, 1723, providing a method for review of judgments by motion for a new trial and by appeal from order denying or granting the same, or from final judgment, and not otherwise, a court in such districts, having regularly made an appealable order, has no power to set it aside on its own motion; it not having been made inadvertently or improvidently.

ACTION by Maggie Whitbeck against the Montana Central Railway Company and the Great Northern Railway Company, in the District Court of Cascade County, J. B. Leslie, Judge. There was an order reversing a judgment for defendants, and defendants apply for a writ of certiorari.    Granted.

*A. J. Shores*, for Petitioners.

"Has the District Court of Cascade County, 'Terms?'" Citing Section 7, Article VIII, of the State Constitution, Section 38 of the Code of Civil Procedure; *State* v. *McHatton*, 25 Pac. 1046, and other sections of the Code of Civil Procedure.

"The procedure for review of orders and judgments of the

district court is prescribed by statute, and the course prescribed by statute must be followed.'' (Citing Section 1720, Code of Civil Procedure; *Grant* v. *Schmidt*, 22 Min. 1; *Hanson* v. *Hanson*, 20 Pac. 736; *Carpenter* v. *Superior Court*, 19 Pac. 174; *Coombs* v. *Hibbard*, 43 Cal. 452; *Waggenheim* v. *Hook*, 35 Cal. 216; *Dorland* v. *Cunningham*, 6 Pac. 135; *Lang* v. *Superior Court*, 12 Pac. 306; *McKenzie* v. *Bismark Water Co.*, 71. N W. Rep. 608.)

''When the court made its order of the 25th, it thereby rendered final judgment in the action.'' (Citing Section 1000, Code of Civil Procedure.)

''Distinction between rendition of a judgment and its formal entry.'' (Citing Black on Judgments, Volume I., Section 106, as follows: ''The rendition of a judgment is the judicial act of the court in pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and the verdict    The entry of a judgment is a ministerial act.  *  *  *  *  It is the former, therefore, that is the effective result of the litigation.'' Citing, also, *Tift* v. *Keaton*, 2 S. E. 690; *Gallarado* v. *Reed*, 49 Cal. 346; *Genella* v. *Relvea*, 32 Cal. 159; *In re Cook's Estate*, 19 Pac. 431; *Crim* v. *Kessing*, 26 Pac. 1074.)

*J. A. Largent,* for Respondent.

''It would seem that terms of court are necessary in order to carry out the intention of certain statutes.'' (Citing Section 131, Code of Civil Procedure; Section 4216, Political Code; Black's Law Dictionary, subject, ''Term''; 19 Texas Appeals, 433; Section 39, Code of Civil Procedure; *State* v. *McHatton*, 25 Pac. 1046; Subdivision 8, Section 110, Code of Civil Procedure.)

HUNT, J.    The petition discloses that Mrs. Whitbeck brought an action against the petitioners (defendants in the action mentioned) to recover damages for cruel and inhuman treatment alleged to have been inflicted by defendants. Defendants answered, denying the averments of the complaint,

and setting up a justification.    Upon the issues thus framed
by the pleadings the action was pending, when, on September
25, 1897, defendants therein (petitioners here) moved for
judgment on the pleadings, on the ground that the complaint
failed to state facts sufficient to constitute a cause of action
against either of the defendants.    This motion was granted,
and plaintiff's motion to amend her complaint was denied.

Thereafter, on September 27th (that is, two days after
judgment on the pleadings had been rendered), the court, of
its own motion, without any application therein on the part of
either party, and without defendants' consent that there should
be any further action had in the matter, made and entered the
following order:

"The defendants' motion for judgment upon the pleadings
herein, sustained on Saturday, September 25, 1897, is this
day hereby reversed, and it is hereby ordered that said mo-
tion be denied."

Petitioners allege that the judgment rendered on September
25th was not made or rendered or entered through any mis-
take or inadvertence on the part of the district court, and that
the order of September 27th, reversing and setting aside the
former order, was beyond the power and authority of the
court.    The office of the petition is to have this court review
the record of proceedings of the lower court, and to determine
whether the order of September 27th, reversing the first order
of the district court, was within the jurisdiction of the court
that made it.

Section 17, Article 8, of the Constitution, provides that the
district court in each county which is a judicial district by
itself shall be always open for the transaction of business, ex-
cept on legal holidays and nonjudicial days.    In *State* v. *Mc-
Hatton*, 10 Mont. 370, 25 Pac. 1046, it was said by Chief
Justice Blake, for the court, that a district court without
terms is a legal impossibility, and that the constitution and
statutes recognized and sanctioned that proposition.    We shall
not controvert that holding, further than to state that the
court evidently was not advised of the fact that Section 5 of

Article 6 of the Constitution of California ordained that the superior courts of that state should be always open, legal holidays and nonjudicial days excepted, as is required by Section 17 of Article 8 of our Constitution, and that it had been decided in 1886, *in re Gannon*, 69 Cal. 541, 11 Pac. 240, that the system of terms and final adjournments of courts, under which the judges thereof had formerly opened courts for the transaction of judicial business, was abolished by constitutional provisions like those of Montana, and that there is no such thing as a division of time into certain periods of the year, known as "terms of court," during which a court may sit to hear and determine causes. "The superior court of each county in the state is an organized judicial institution, competent for the transaction of business at all times, without reference to terms or adjournments. So that, notwithstanding an order for adjournment entered on the minutes of the court, the court may sit and exercise its jurisdiction in the trial of causes, or in the transaction of any legal business, at any time. (*Stewart* v. *Mahoney Mining Co.*, 54 Cal. 149.) And it follows that neither an end of the session of the court, nor a final adjournment of the court for the year, would have the legal effect of dissolving the grand jury." *In re Gannon, supra.*

Several years after the decision in *State* v. *McHatton, supra*, the legislature of this state, following the doctrine of the California court, and interpreting our constitution as abolishing terms of court in certain districts, by adopting the Code of Civil Procedure enacted the following express statute:

"The district court of each county which is a judicial district by itself has no terms, but must be always open for the transaction of business, except on legal holidays and nonjudicial days, and must hold its sessions at the county seat. Juries for the trial of causes must be called on the first Monday of every alternate month, if the judge so direct, and oftener if public business requires. In each district where two or more counties are united, the judge thereof must fix the terms of court in each county in his district, which must

be held at the county seat, and there must be at least four terms a year in each county. The judge of such district court must, within ten days after the taking effect of this code, and thereafter, within ten days after the first day of January in each year, make an order which must designate the times at which the terms of court are to be held in each county in his district during the year, and must cause said order, or a copy thereof, to be filed in the office of the clerk of the district court in each county in his district, and such clerk must cause the same to be published in some newspaper printed in his county, once a week for four successive weeks, immediately after the filing of such order, the cost of which shall be a county charge, and no change in the time of holding the terms so fixed in any county must be made during the year. A district judge may adjourn a term of court in one county to a future day certain, and in the meantime hold court in another county." (Section 38, Code of Civil Procedure.)

So that, whatever the correct rule was before the codes were adopted, it is very plain to us that under the present statutes there is no term of court in any judicial district of the state where a single county is a district by itself. Such district courts are in recess when not actually engaged in business, and they are in session when in fact holding court at the county seat, and engaged in business. (*In re Gannon, supra.*)

This brings us directly to the point urged by petitioners, that the order of reversal of September 27th was unauthorized and void. The order of the court sustaining the defendants' motion for judgment on the pleadings was a judgment rendered in defendants' favor. (§ 1000, Code of Civil Procedure.) Now, by section 1720 of the Code of Civil Procedure, a judgment or order, except when expressly made final by the Code of Civil Procedure, may be reviewed as prescribed by the title of the codes concerning appeals (title 13), and not otherwise. The statute limits the power of the court to review a judgment, except as provided by the code. It is a statutory limitation of the court's jurisdiction. The practice under the common law, whereby a court of record, having general juris-

diction, might at any time during the same term correct any error in its judgment, although after the judgment has been entered, is not material to the decision of this case, inasmuch as the code provides a method for review by motion for new trial, to be made after notice, and within a certain time, and appeal from an order denying or granting the same, or by an appeal within a limited time from a final judgment entered in an action.    (§§ 1722, 1723, Code of Civil Procedure.)

The English courts proceeded upon the theory that during the term the record was "in the breast of the judges," and not until the term was closed was the record made up and completed, after which it could not be disturbed.    (Works on Jurisdiction, p. 674; *Territory* v. *Clayton*, 8 Mont. 14, 19 Pac. 293.)    But where the constitution and the codes recognize no terms of court, and abolish them, it is unreasonable to attempt to apply the rules of the common law.    They are inapplicable.    ( *Wiggin* v. *Superior Court*, 68 Cal. 398, 9 Pac. 646.)    Where, therefore, there is a definite manner to obtain relief prescribed (as under the codes of this state), and where there are no terms of court (as is also the fact in the district wherein this case arose), proceedings to obtain relief must be instituted according to the methods, and within the time prescribed.    (Works on Jurisdiction, p. 675.)

Analogous questions have frequently arisen in California; a leading case being *Coombs* v. *Hibberd*, 43 Cal. 452.    The defendant there recovered judgment in the district court.    The plaintiff moved for a new trial, which motion was denied.    A few days after the denial of such motion, the plaintiff gave notice of a motion to vacate the order denying a new trial, and to grant an order allowing the motion for a new trial to be reheard.    The district court thereafter heard this motion, and made an order granting a new trial.    On an appeal by the defendant, it was held by the court that the right to move for a new trial is "a creature of the statute," and but one statement and one motion were provided for by law.

Among other things, the court said:    "The motion to vacate the order was equivalent, in its effect upon the parties, to a renewed motion for a new trial.    It demanded another

hearing of a question once determined, and resulted in the granting of a new trial which had been once refused. If this practice should be allowed, several consequences not contemplated by the statute would ensue. The limited time within which a motion for a new trial may be made would be practically enlarged, for there can be no good reason why the motion to set aside the order should be made within a limited number of days. The proceedings after judgment would be interminable, for the last order could be vacated upon motion of the losing party, and so *ad infinitum.* There must be some point where litigation in the lower court terminates, and the losing party is turned over to the appellate court for redress.''

Hayne on New Trials and Appeal, Section 167, cites *Coombs* v. *Hibberd, supra,* and states the general rule under the California practice to be that, ''where an appealable order has been regularly made, the court which made it has no power, upon a subsequent change of opinion, to set it aside, except in cases provided by statute.'' There is, of course, recognized throughout the books an exception to the general rule as stated by Hayne, to the effect that, if the order made by the lower court has been inadvertently or improvidently made, it may be vacated; and perhaps, if it has been prematurely entered, the court may vacate such an order of its own motion. These qualifications do not affect the case at bar, however; for it is conceded that the district court of Cascade county did not render judgment on the pleadings in favor of defendants either through inadvertence, or prematurely, or through improvidence. (Hayne on New Trials and Appeal, § 164; *Carpenter* v. *Superior Court* (Cal.) 19 Pac. 174.)

In conclusion, it is our opinion that the order of the district court reversing the previous order sustaining the defendants' motion for judgment on the pleadings was beyond the jurisdiction of the court. As a result, we conclude that the court had no power to make it, and that the petitioners here are entitled to the writ prayed for. Let the writ issue.

*Writ granted.*

PEMBERTON, C. J., and PIGOTT, J., concur.