STATE EX REL. McHATTON, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 4,288.)

(Submitted October 7, 1918.   Decided December 2, 1918.)

[176 Pac. 608.]

*Judgments—Amendment — Power of District Court — Probate Proceedings—Decrees.*

Judgments—Amendment—Power of District Court.
  1.  Courts have the power at any time to amend their judgments to the end that they will express what the court actually decided.
  [As to amendment of judgments, see notes in 12 **Am. Dec.** 351; 62 **Am. St. Rep.** 233.]

Same.
  2.  Where the clerk of the district court has failed to enter the judgment pronounced, the court has the power to correct the misprision.

Same—Limit of Power of Courts to Modify.
  3.  After a judgment determining the rights of parties has been rendered, the court cannot, upon a change of mind, set aside or modify it so as to change the rights previously fixed thereby.

Same—Decrees in Probate Proceedings—Modification—Power of District Court.
4.  Though decrees in probate proceedings are not, technically speaking, judgments, district courts have no greater power over them after rendition than they have over formal judgments, in the way of setting them aside or modifying them so as to change rights previously fixed.

Original application for writ of *certiorari* by the State, on the relation of John J. McHatton, against the District Court of the Second Judicial District in and for the County of Silver Bow, and John V. Dwyer, a Judge thereof, to have annulled an order of said court setting aside a final decree settling account of relator as guardian, *etc.*  Order annulled.

*Mr. John J. McHatton, pro se,* submitted a brief; *Mr. P. E. Geagan,* of Counsel, argued the cause orally.

Mere clerical errors, errors of form or mistakes in drafting a decree as distinguished from judicial errors may be corrected on petition or motion, but the court having once pronounced a final order or decree and the same having been correctly entered, the court is without any power or authority to set aside, revise or correct the same on its own motion.  (*Egan* v. *Egan,* 90 Cal. 15, 27 Pac. 22; *First Nat. Bank* v. *Dusy,* 110 Cal. 69, 42 Pac. 476, 478.)  When the court entered the decree of settlement of the final account, it had no further jurisdiction over the subject matter.  (*Howell* v. *Howell,* 104 Cal. 45, 43 Am. St. Rep. 70, 37 Pac. 770; *O'Brien* v. *O'Brien,* 124 Cal. 422, 57 Pac. 225; *Brackett* v. *Banegas* (*Banegas* v. *Brackett*), 99 Cal. 623, 34 Pac. 344.)  The rendition of a judgment is a judicial act.  Its entry upon the record is merely ministerial.  (*Crim* v. *Kessing,* 89 Cal. 478, 23 Am. St. Rep. 491, 26 Pac. 1074; *Byrne* v. *Hoag,* 116 Cal. 1, 47 Pac. 775; *Brackett* v. *Banegas* (*Banegas* v. *Brackett*), 99 Cal. 623, 34 Pac. 344.)

Courts have the power at all times to amend judgment so that the record will contain the actual decision of the court. Where the clerk fails to enter judgment as pronounced, the court has the power to correct the matter and order the proper

entry to be made; the court can correct a judicial error in its judgment, but this can only be done through motion for a new trial or by appeal. (*Canadian etc. Trust Co.* v. *Clarita Land etc. Co.,* 140 Cal. 672, 74 Pac. 301.) In the case at bar it was not an attempt on the part of the court to correct a clerical misprision. The decree as entered was the decree intended by the court, but upon further consideration the court thought that a different decree should have been entered, and therefore purports on its own motion to vacate the original decree and set the matter for hearing anew. This cannot be done. (*In re Potter's Estate,* 141 Cal. 424, 75 Pac. 850.) A final decree distributing an estate cannot be changed or modified except by appeal. (*In re Garraud's Estate,* 36 Cal. 277.) The surrogate had no general revisory power on the ground that it erred as to the law or decided erroneously upon the facts, such revisory power being vested in the appellate court. (*Campbell* v. *Thatcher,* 54 Barb. (N. Y.) 382; *Harvey's Heirs* v. *Wait,* 10 Or. 117.) In the case at bar the action of the court was without due and legal notice or hearing. Until notice is given the court has no jurisdiction in any case to proceed to judgment. (*Younger* v. *Superior Court,* 136 Cal. 682, 69 Pac. 485; *McClatchy* v. *Superior Court,* 119 Cal. 413, 39 L. R. A. 691, 51 Pac. 696.)

The court cannot upon a change of mind alter or modify the judgment or vary the rights of the parties as fixed by the original decision. (23 Cyc. 868; 15 C. J. 975; *Bouldin* v. *Jennings,* 92 Ark. 299, 122 S. W. 639; *Karrick* v. *Wetmore,* 210 Mass. 578, 97 N. E. 92; *Heinitz* v. *Darmstadt,* 140 App. Div. 252, 125 N. Y. Supp. 109.)

"The authority of a court to amend its record is to make it speak the truth, but not to make it speak what it did not speak or ought to have spoken." (*Liddell* v. *Landau,* 87 Ark. 438, 112 S. W. 1085; *Tucker* v. *Hawkins,* 72 Ark. 21, 77 S. W. 902.)

*Mr. Jas. E. Murray,* for Respondents, argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

*Certiorari* to the district court of Silver Bow county. On October 22, 1912, Sarah A. Pryor, a resident of Silver Bow county, was adjudged by the district court of that county to be incompetent, and by the same court the relator was appointed guardian of her person and estate. Having qualified as provided by law, the relator entered upon a discharge of his duties and continued therein under the direction of the court until the death of his ward, which occurred on December 7, 1917. She left a will executed on June 8, 1908, in which the relator was named executor. On January 12, 1918, the will was admitted to probate, and the relator was appointed executor and assumed the discharge of his duties as such. On May 18, 1918, the relator presented for settlement his final report and account in the guardianship proceeding. The court set it for hearing on June 1. The hearing having been continued from time to time, was finally had on July 12, and resulted in a final decree approving and settling the account and directing the relator to assume possession and control of the estate as executor. On September 10 the court made and entered an order setting aside the decree and directing the matter of settlement of the account to be reopened and placed on the calendar to be set for hearing at some future time. Thereupon the relator instituted this proceeding to have the order annulled as in excess of jurisdiction.

It does not appear, from the certified copy of the record returned in obedience to the writ, on what ground the district court set aside the decree of settlement. Nor does it appear that this action was had in response to a motion by anyone or that the relator had notice or was present. Apparently the court set aside the decree on its own motion.

In his general report of the condition of the estate accompanying the account, the guardian set forth a schedule of the property remaining in his hands, which consisted of a small sum in cash and undivided interests in six mining claims situate in

Silver Bow county, which in the original appraisement of the ward's estate were valued in the aggregate at $96,250; the report reciting that the guardian had executed a lease of these interests subject to the approval of the court, by the terms of which one Tinkler, a resident of Silver Bow county, had been given an option to purchase said interests for the sum of $75,000, the payments to be made in installments as therein provided, in case Tinkler concluded to exercise his option. He also set forth that he had incurred an indebtedness to the authorities of the St. James Hospital in Butte for the care and maintenance of his ward, for $4,276.35.

Counsel who appeared for the court state in their brief that the decree of settlement was set aside because the court, after further consideration of it, was of the opinion that in approving the account and accompanying report it had approved the option lease and adjudged the indebtedness incurred by the guardian as a just claim against the ward's estate, and hence had to this extent exceeded its jurisdiction in making the decree of settlement. This court is not now concerned with the inquiry what consideration moved the court in setting aside the decree, because there is nothing in the record to which we may look to ascertain the theory upon which it proceeded. We shall therefore consider and determine the single question before us, *viz.:* Did the court exceed its jurisdiction in setting aside the decree?

It will be noted that the decree of settlement was in a matter over which the court had jurisdiction (Rev. Codes, sec. 7775); therefore, though it may be conceded to have been in some respects erroneous in that it determined matters foreign to what was then before the court, it was not void for that reason. It is true, upon proper application by a party vested with an interest in the estate, the decree of settlement may have been subject to amendment. Courts have the power to amend [1, 2] their judgments to the end that they will express what the court actually decided. This may be done at any time. When the clerk has failed to enter the judgment as pronounced, the court has the power to correct the misprision. (*Power & Bro.* v.

*Turner,* 37 Mont. 521, 97 Pac. 950.) But errors into which the court itself falls are judicial errors and cannot be corrected except by the method pointed out by the provision of the statute on the subject, that is, through a motion for a new trial, if such a motion is applicable in the particular proceeding, or on appeal; in other words, the court cannot upon a change of mind, after having rendered a judgment determining the rights of the parties, set aside such a judgment or modify it so as to alter or change the rights fixed by it as originally made. (*Whitbeck* v. *Railway Cos.,* 21 Mont. 102, 52 Pac. 1098; *Ogle* v. *Potter,* 24 Mont. 501, 62 Pac. 920; *Finlen* v. *Heinze,* 28 Mont. 548, 73 Pac. 123.) On this subject, Mr. Freeman, in his work on Judgments, says: "The failure of the court to render judgment according to law must not be treated as a clerical misprision. Where there is nothing to show that the judgment entered is not the judgment ordered by the court, it cannot be amended. On the one hand, it is certain that proceedings for the amendment of judgments ought never to be permitted to become revisory or appellate in their nature; ought never to be the means of modifying or enlarging the judgment or the judgment record, so that it shall express something which the court did not pronounce, even although the proposed amendment embraces matter which ought clearly to have been so pronounced." (1 Freeman on Judgments, sec. 70, p. 94.) When the judgment is once rendered, the court loses jurisdiction over the subject matter, other than to see that the proper entry is made by the clerk and that the rights determined and fixed by it are properly enforced.

Decrees in probate proceedings are not, technically speaking, [4] judgments. (*Estate of Tuohy,* 23 Mont. 305, 58 Pac. 722.) But the mode of review applicable to judgments is by the statute made applicable to many of them (Rev. Codes, secs. 7096–7098), and a trial court has no greater power over these than it has over formal judgments.

We express no opinion at this time upon the question whether the order complained of is or is not in any respect subject to

amendment. This question is not before us. We leave it to be determined by the trial court upon a proper application to it.

The court was without jurisdiction to set aside the decree, and its order in this behalf is therefore annulled.

MR. JUSTICE HOLLOWAY concurs.

MR. JUSTICE PIGOTT did not hear the argument and takes no part in the foregoing decision.