STATE ex rel. SMITH, Relator, *v.* DISTRICT COURT
ET AL., Respondents.

(No. 4,369.)

(Submitted March 15, 1919.   Decided April 14, 1919.)

[179 Pac. 831.]

*Certiorari—District Courts — Judgments—Amendment—Juris-
diction — New Trial — Summons — Service — Defendants in
Military Service—Voidable Judgments—Collateral Attack.*

District Courts—Judgments—Amendments—New Trial—Jurisdiction.
  1.  *Held,* on *certiorari,* that the district court was without power to
  so amend its order granting a decree of divorce after rendition and
  signing thereof, as in effect to award a new trial, on its own motion,
  on the ground of newly discovered evidence which "came to the
  knowledge of the court *ex parte.*"

Same—New Trial—How to be Granted.
  2.  A new trial can be granted only in the manner, within the time
  and upon the grounds provided in the statute.

Same—New Trial—When Unauthorized.
  3.  The district court has no authority to grant a new trial upon its
  own motion.
    [As to power of court to grant new trial on its own motion, see
  note in Ann. Cas. 1914A, 412.]

Same—Judgments—Amendments—Power of Court.
  4.  The district court may amend its judgment at any time in order
  to make it express what was actually decided, the mistake of the
  clerk in entering it not being binding upon the court nor upon the
  parties whose rights are prejudiced thereby.

Same.
  5.  A judgment once rendered as intended becomes final, and can
  be revised or corrected only by some method pointed out by the
  statute.

Same—Amendment of Judgments—Rule—Terms of Court.
  6.  *Quaere:* Does the rule making a judgment once rendered as in-
  tended, final and correctible only in the mode pointed out by the
  statute, apply in those districts in which there are regularly fixed
  terms for holding court?

Judgments—Void on Face—Effect.
  7.  A judgment void on its face is a nullity and may be vacated at
  any time.

Summons—Affidavit of Person Serving—Contents.
  8.  Section 6518, Revised Codes, does not require that the affidavit
  of the person making service of a summons must contain the state-
  ment that he was not a party to the action and was over the age of
  eighteen years.

Same—Irregularity—Voidable Judgment—Collateral Attack.
  9.  The omission of the statement in the affidavit of the person who
  made service of summons in another state, that he was not a party

to the action and over the age of eighteen years, if required, was an irregularity merely, rendering the judgment voidable and not void; it was therefore not subject to collateral attack.

Default Judgments — Defendant in Military Service — District Court — Jurisdiction.

10. Failure of plaintiff to file the affidavit required by Chapter 8, Laws Extra Session, 15th Legislative Assembly, page 17, showing that defendant in default was not, at the time of the entry of judgment, in military service, did not affect the jurisdiction of the court to render the judgment and order it entered; omission to file was no more than an irregularity within jurisdiction.

Same—Defendant in Military Service—Affidavit of Plaintiff—Purpose of Act.

11. *Held*, that the purpose of section 4(a) *et seq.* of Chapter 8, *supra* (paragraph 10), is to delay entry of judgment in any case where defendant has defaulted, until the court has taken such measures and made such requirements of the plaintiffs as will furnish the defendant with protection against the enforcement of a judgment which may injuriously affect him or his interests while he is absent in military service.

Original application for writ of review, by the State on the relation of William G. Smith, against the District Court of Fergus County, and Roy E. Ayers, a Judge thereof, to annul an order striking its decree in the divorce proceeding of *Wm. G. Smith* v. *Myrtle D. Smith* from the files and continuing the case for further hearing. Order annulled.

*Mr. Edgar G. Worden, Mr. Ulysses A. Gribble* and *Mr. Hugh R. Adair,* for Relator, submitted a brief; *Mr. Gribble* argued the cause orally.

*Mr. Odell W. McConnell,* for Respondents, argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

*Certiorari* to the district court of Fergus county. The record discloses that on November 13, 1918, the relator brought his action against the defendant, who had left the state and become a resident of the state of Kentucky, to obtain a decree of divorce on the ground of desertion. Instead of service of summons by publication under section 6520 of the Revised Codes, personal service was had upon the defendant, as provided in section 6521.

The proof of service was made by affidavit, which, omitting formal parts, is the following:

"W. H. Myers, being first duly sworn, says: That I received the within summons on the 18th day of November, 1918, that I personally served the within summons on the 19th day of November, 1918, upon Myrtle D. Smith, the defendant named therein, by delivering a copy of said summons to her personally in the said county of Warren.   That at the time when I served the within summons upon the said Myrtle D. Smith, and at the same place, I also served upon her a copy of the complaint upon which said summons was issued, by delivering said copy to her personally.

"W. H. MYERS, D. S."

Defendant having failed to appear in the action, her default was entered on December 31.   On January 7 of this year, the court, Hon. Roy E. Ayers presiding, heard the evidence submitted by plaintiff, made its findings of fact and conclusions of law, and rendered and signed a decree granting him a divorce. On the same day, before the decree was entered and without notice to counsel, the court of its own motion amended its order granting the decree.   The amended order is as follows: "This cause came on regularly to be heard this day, Mr. E. G. Worden appearing as counsel for plaintiff, defendant not appearing. The court now heard the proofs offered, the testimony of William G. Smith who was now duly sworn and examined on behalf of plaintiff, and the court being fully advised in the premises, thereupon it was ordered, adjudged and decreed that plaintiff have decree of divorce.   It having come to the knowledge of the court, *ex parte,* that the court was without jurisdiction to grant the decree above ordered, for the reason that the plaintiff had not been deserted by the defendant for more than one year prior to his filing a complaint herein, praying for divorce on the ground of desertion, and the court being satisfied upon such information that further proof is necessary in the said case, it is hereby ordered that the said decree heretofore on this day made and signed in the case be, and the same is hereby, ordered

stricken from the files and records of the case and the case is continued for further hearing and evidence. And it is further ordered that the plaintiff and his counsel be notified of this order.'' The plaintiff then instituted this proceeding to have the order annulled, in so far as it directed the decree to be stricken from the files and records of the case and a further hearing to be had.

It will be observed that the court in amending the original [1] order did not formally set it aside or vacate the decree, but the effect of the amendment was to annul all former proceedings and leave the case in the condition in which it stood before the trial. In other words, by making the amendment to the order, the court in effect, on its own motion, awarded a new trial on the ground of newly discovered evidence; for notwithstanding the order recites that the court was without jurisdiction to grant the decree, the recital, "it having come to the knowledge of the court, *ex parte,* that the court was without jurisdiction * * * , for the reason that the plaintiff had not been deserted by the defendant for more than one year," *etc.,* means nothing more nor less than that evidence had come to the knowledge of the court other than that submitted at the hearing. Hence its conclusion that its finding in this regard on the evidence submitted ought to have been other than that made.

This court pointed out in the early cases of *Whitbeck* v. *Montana Cent. Ry. Co.,* 21 Mont. 102, 52 Pac. 1098, and *Ogle* [2] v. *Potter,* 24 Mont. 501, 62 Pac. 920, that in this state relief by way of new trial can be granted only in the manner, within the time and upon the grounds provided in the statute, and that in the absence of observance by the moving party of the required steps, the court has no power to grant a new trial. The conclusion announced in these cases has been since adhered to. (*Porter* v. *Industrial Printing Co.,* 26 Mont. 170, 66 Pac. 839, 67 Pac. 67; *State ex rel. Walkerville* v. *District Court,* 29 Mont. 176, 74 Pac. 414.) A necessary result of this rule is [3, 4] that a court has no power to grant a new trial of its

own motion. It may amend its judgments in order to make them express what was actually decided. This may be done at any time, though the particular judgment has been entered by the clerk. A mistake by this officer in making the entry does not bind the court nor will it be permitted to prejudice rights [5] of parties. But when the court has once rendered its judgment as intended, though it may be erroneous, it becomes final and must stand until it has been revised and corrected by some method pointed out by the statute—generally through a motion for a new trial made by the losing party in the ordinary way, or on appeal. (*Whitbeck* v. *Montana Cent. Ry. Co., supra; State ex rel. McHatton* v. *District Court, ante,* p. 324, 176 Pac. 608.)

There may be a question whether the foregoing rule applies [6] in those districts in which there are regularly fixed terms for holding court. Under the rule observed by the English courts and by the courts of those states in which the common-law practice prevails, a judgment rendered during the term may be revised at any time before the end of the term, because until that time the record had not been finally made up and is in the plenary control of the judge (23 Cyc. 860). But we are not now concerned with this question. This case arose in a county which is a district in itself, as did the two cases last cited *supra,* and, as was pointed out in *Whitbeck* v. *Montana Cent. Ry. Co.,* the common-law rule has no application.

Counsel for the respondents did not favor this court with a brief but made an oral argument at the hearing. He insisted that though the district court was in error in vacating the judgment for the reason stated in its order, the order should nevertheless be affirmed because upon the face of the record the judgment is void, in that it appears that the proof of service of summons was insufficient to give the court jurisdiction of the defendant, and in that the affidavit required by section 4(a) of the Act of the Extraordinary Session of the Fifteenth Legislative Assembly (Chap. 8, Laws Extra. Session, 15th Legislative Assembly, p. 17), showing that the defendant was not in

military service, was not filed before judgment was rendered. If we admit counsel's premises, the conclusions he draws from [7] them necessarily follow. A judgment void on its face is a mere nullity and serves no purpose other than to encumber the court's records. It may be vacated at any time (1 Freeman on Judgments, sec. 98; 1 Black on Judgments, sec. 307; 23 Cyc. 913; *People* v. *Greene,* 74 Cal. 400, 5 Am. St. Rep. 448, 16 Pac. 197; *Olney* v. *Harvey,* 50 Ill. 453, 99 Am. Dec. 530.) The par- [8] ticular respect in which it was urged that the proof of service was insufficient, was that the affidavit of Myers does not contain the statement that he was not a party to the action, and that he was over the age of eighteen years. By reference to the statute declaring how proof of service must be made (Rev. Codes, sec. 6518), we observe that it does not require the affidavit to state the facts showing the competency of the person making the service. It merely requires the affidavit to show service of the summons and a copy of the complaint when service of the latter is required. The affidavit here shows a literal compliance with this requirement. The omission of the [9] statement showing the competency of Myers at best only constitutes an irregularity, rendering the judgment voidable and not void. It is therefore valid as against collateral attack. Such would have been the result if the service had been made in this state (*Burke* v. *Inter-State S. & L. Assn.,* 25 Mont. 315, 87 Am. St. Rep. 416, 64 Pac. 879) ; and since it was not questioned by counsel that the order for publication had been regularly made as provided in section 6520 of the Revised Codes, and since personal service outside the state thereafter is made the equivalent of service by publication by section 6521 (*McLean* v. *Moran,* 38 Mont. 298), there is no valid reason why the result should not be the same here. In *Burke* v. *Inter-State S. & L. Assn., supra,* the attack upon the judgment was collateral, by objection to the introduction of it as evidence. The proof of service was the same as in this case. This court held that the service, though irregular, was nevertheless service sufficient to give the court jurisdiction, rendering the judgment

voidable only and not subject to collateral attack.   Here attack is made upon the judgment by objection to the sufficiency of the proof of service of summons only, by way of argument in this court.   We think the judgment not open to attack in this way, nor otherwise except by appeal or by proper application to the trial court.

Nor do we think the omission to file the affidavit required by [10] the statute cited, showing that the defendant was not at the time in military service, renders the judgment void.   If it be assumed that the definition of the expression "persons in military service," found in section 2 of the Act, included the defendant, the failure to file the affidavit did not affect the jurisdiction of the court to render the judgment and order it entered.   Section 4(a) declares: "That in any action or proceeding commenced in any court, if there shall be a default of an appearance by the defendant, the plaintiff before entering judgment, shall file in the court an affidavit setting forth facts showing that the defendant is not in military service.   If unable to file such affidavit, plaintiff shall, in lieu thereof, file an affidavit setting forth that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service.   If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest and the court shall, on application, make such appointment." Then follow provisions to the effect that unless it appears that the defendant is not in military service, the court may require as a condition before judgment is entered that the plaintiff file a bond to indemnify him against any loss or damage that he may suffer by reason of the judgment.   The court is also authorized to make any other order, or to enter such a judgment as in its opinion may be necessary to protect the defendant. These are all the provisions in the Act on this subject.   A mere

reading of them makes it clear that they have to do only with the entry of judgments in order to render them enforceable, and not the rendition of judgments. In other words, their purpose is to delay the entry of judgment in any case when there has been a default, until the court has taken such measures and made such requirements of the plaintiff as will furnish the defendant with all necessary protection against the enforcement of a judgment which may injuriously affect him or his interests while he is absent in military service. The filing of the affidavit does not affect the power of the court to render judgment, nor would the omission to file it affect the judgment after entry or be more than an irregularity within jurisdiction.

The order is annulled.

*Order annulled.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE COOPER concur.