MIDLAND DEVELOPMENT CO., Appellant, *v.* COVE
IRRIGATION DISTRICT et al., Respondents.

(No. 7,555.)

(Submitted June 4, 1936. Decided June 15, 1936.)

[58 Pac. (2d) 1001.]

*Mr. George E. Snell,* for Appellant, submitted a brief and
argued the cause orally.

*Messrs. Wood & Cooke,* for Respondents, submitted a brief; *Mr. Sterling M. Wood* argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an equitable action instituted in the district court of Yellowstone county against the Cove Irrigation District, and the commissioners thereof, to set aside a judgment previously rendered by the same court. The judgment was rendered under the provisions of section 7211, Revised Codes of Montana 1921, as amended by Chapter 185, Laws of 1929. It ratified, approved and confirmed certain bond proceedings of the irrigation district, the bonds to be issued thereunder, and the special tax or assessment connected therewith.

From the allegations of the complaint, it appears that plaintiff, Midland Development Company, a corporation, is the owner of certain real estate within the limits of the district, which is a public corporation; and that this real estate has for a considerable time constituted part of the taxable and assessable property of the district. The complaint recites that the district was duly and regularly established and organized under the laws of this state in the year 1922; that at about the same time, it issued, negotiated and sold certain of its bonds to provide funds for the purchase of an irrigation system, etc.; that a large part of that issue is still outstanding and unpaid; and that in June, 1934, proceedings were begun by persons interested in the affairs of the district to refund the bond issue. The requisite petitions for a refunding bond issue were filed with the commissioners of the district, who, acting as the board of the district, thereupon instituted the proper proceedings, pursuant to sections 7210 and 7211, Revised Codes of Montana, 1921, as amended by Chapter 185, Laws of Montana, 1929, for procuring the authorization of the bond issue.

The commissioners adopted a resolution wherein provision was made for certain levies with which to pay the principal and interest of the proposed refunding bonds. The resolution, after providing for levies sufficient in amount to meet the

principal and interest of the refunding bonds, also made a further provision for an additional levy for the purpose of creating a reserve fund to insure payment of principal and interest in the event that delinquencies should occur and make the income from the regular levies inadequate to meet the obligations as they accrued. They then petitioned the district court for a decree or order confirming and validating the proceedings and proposals with reference to the proposed bond issue as set forth in their resolution therefor. All of the notices required by law in such cases were duly and properly given. Neither the plaintiff nor any of the other land owners included within the district ever appeared or interposed any objections to the proceedings.

Thereafter the court made and entered its decree wherein it held that the acts and proceedings relative to the proposed bond issue were regular, legal and valid; that the creation of a reserve fund to insure the payment of the same, and the determination of the irrigable area of the district, the rate of assessment per acre, and the special tax and assessment mentioned in the resolution and petition, were all regular, legal and valid. Accordingly, the court decreed that the entire proceedings and the proposals as set forth in the resolution were ratified, approved and confirmed. No appeal was ever taken from that judgment of confirmation. The ten-day period for appeal as provided by statute in such cases (sec. 7211, Revised Codes 1921, as amended) expired before the present action was instituted.

Plaintiff, after reciting in its complaint all of the above-mentioned facts, alleged that the provisions of the resolution regarding a reserve fund and a levy of additional amounts in that connection were illegal and void upon the face thereof; and that the order or decree of the district court confirming the same was illegal and void upon its face. It concluded its complaint with a request that the order or decree of confirmance be vacated and annulled and that defendant district be enjoined from issuing, negotiating or selling the proposed refunding bonds.

To this complaint the defendants interposed a general demurrer. The court sustained the demurrer. Plaintiff elected to stand upon its complaint. Whereupon the complaint was dismissed and judgment was entered for defendants.

From that judgment, plaintiff has appealed. It contends that the court erred in sustaining the demurrer to the complaint, and that it states a cause of action against defendants for the relief demanded. Plaintiff concedes that the requisite proceedings were conducted under sections 7210 and 7211, Revised Codes of Montana, 1921, as amended by Chapter 185, Laws of Montana, 1929, to give the district court jurisdiction over the parties, including plaintiff, and over the general subject-matter presented therein. It asserts, however, that a judgment may be void for want of authority in a court to render the particular judgment, although the court may have had jurisdiction over the subject-matter and the parties. It contends that the defendant district and its commissioners were not authorized or empowered by statute or otherwise to provide for the levies and appurtenant reserve fund, as attempted; that the action in that regard is void; and that the district court had no greater power to confirm such void acts than the district and its commissioners had to authorize them. As a result, plaintiff claims that it appears upon the face of the judgment roll that the district court was without jurisdiction to confirm the proceedings of the district.

Defendants contend that ample authority for the levies exists in the provisions of sections 7210 and 7211, as amended, supra, and that the court had the power and jurisdiction to render the judgment of confirmation. They also contend that irrespective of whether these levies were authorized by law, the plaintiff is nevertheless foreclosed by the judgment from questioning the matter; and that plaintiff is in no position to attack that judgment, since it failed to appeal therefrom. If defendants are correct in the latter contention, then, of course, it will not be necessary to decide whether the levies as provided were or were not authorized by sections 7210 and 7211, as amended.

Section 7211, supra, as amended, provides in part as follows: "Upon the hearing the District Court shall * * * have power and jurisdiction to examine and determine the regularity, legality, and validity of the proceedings had preliminary and relative to the issuance of the bonds, and the levy of the special tax or assessment in the petition mentioned, and the legality and validity of said bonds and special tax or assessment, and any and all actions taken by the Board of Commissioners in connection with said matters. * * * The court may ratify, approve, and confirm said proceedings in whole or in part, and may ratify, approve, and confirm said bonds and special tax or assessment, and enter its judgment or decree accordingly. From any such judgment or decree an appeal may be taken to the supreme court at any time within ten (10) days from the entry of such judgment or decree. * * * If no such appeal be taken within the time aforesaid, or if taken and the judgment or decree of the district court be affirmed by the supreme court, such judgment or decree shall be forever conclusive upon all the world as to the validity of such bonds and said special tax or assessment, and the same shall never be called into question in any court in the state."

Notwithstanding the mandate of this statute, plaintiff contends that an equitable action will lie to set aside a judgment, such as the one herein involved, where upon the face thereof it appears to be void for want of jurisdiction on the part of the court rendering it. In support of this contention, plaintiff relies principally upon the case of *Scilley* v. *Red Lodge-Rosebud Irr. Dist.*, 83 Mont. 282, 272 Pac. 543, wherein this court held that an order confirming the creation of an irrigation district, rendered under section 7211, supra, as amended, might be questioned and set aside on jurisdictional grounds after the ten-day appeal time had expired. If it appeared here that the judgment in question was void for want of jurisdiction, then the *Scilley Case* would undoubtedly be applicable and controlling. But we are unable to agree with plaintiff that the judgment does appear to be void for want of jurisdiction in the court rendering it. As we have already observed, it is

conceded that the court had jurisdiction over the parties, including plaintiff, and over the general subject-matter presented.

Nevertheless plaintiff argues that the particular levies for which provision was made are unauthorized by section 7210, as amended, supra, and that therefore when the court held, in effect, that such levies were authorized by that section, it exceeded its jurisdiction. This position is untenable. It is tantamount to saying that a court exceeds its jurisdiction every time it places an erroneous construction upon a statute, or every time that it makes an erroneous decision. Manifestly, such is not the law. In 1 Freeman on Judgments, page 743, section 357, it is said: "If the court in rendering the judgment stays within the powers conferred upon it by law and does not transcend the jurisdiction it has acquired in the particular case, its decision, however erroneous, is at most voidable and not for that reason subject to challenge in an independent proceeding. The decision may be palpably wrong in its deductions from the facts or its conclusion upon the legal points presented but these are matters for direct relief, available on appeal and reasons perhaps for reversal; they cannot be pleaded against the record collaterally, for to say that a court is divested of its jurisdiction to decide matters properly brought before it by deciding them erroneously, is to deny it the very power it is called upon to exercise. Obviously the power to decide includes the power to decide wrong, and an erroneous decision is as binding as one that is correct until set aside or corrected in a manner provided by law. * * * It will not avail to say that another court might or undoubtedly would have decided the case differently, for the conclusiveness of the judgment where the court had jurisdiction of the issues before it is not destroyed because it may take a different view than some other court would take of the law governing the controversy, or contrary to law as expressed in the decisions of the supreme court, or the terms of a statute. * * * "

The principles thus enunciated are recognized and followed by the courts quite generally everywhere. (See 34 C. J. 234,

and cases cited.) The previous decisions of this court in which the question has been presented are clearly in accord with them. (See *Vantilburg* v. *Black,* 3 Mont. 459, *Meyer* v. *Lemley,* 86 Mont. 83, 282 Pac. 268, *Dunne* v. *Yund,* 52 Mont. 24, 155 Pac. 273, *State ex rel. McHatton* v. *District Court,* 55 Mont. 324, 176 Pac. 608, *State ex rel. Smith* v. *District Court,* 55 Mont. 602, 179 Pac. 831, 833, and *In re Jennings' Estate,* 79 Mont. 73, 254 Pac. 1067; *Monteath* v. *Monteath,* 99 Mont. 444, 44 Pac. (2d) 517.)

In the case of *State ex rel. Smith* v. *District Court,* supra, it was said: "But when the court has once rendered its judgment as intended, though it may be erroneous, it becomes final, and must stand until it has been revised and corrected by some method pointed out by the statute, generally through a motion for a new trial made by the losing party in the ordinary way, or on appeal."

This is not, as plaintiff asserts, a case where the court, having general jurisdiction of the subject, has gone outside of its jurisdiction to adjudicate with respect to a matter not before it or not within its powers. It acted completely within jurisdiction as defined by the statutes to which we have referred. For that reason, the authorities cited by plaintiff are not applicable here. There is no question of jurisdiction involved in this case. It is clearly distinguishable, upon the facts presented, from the *Scilley Case,* supra. In that case it appeared that the court never acquired jurisdiction over the plaintiff or her land, because of defective service of notice by publication, because of failure to serve personally a copy of the petition and notice of hearing upon her, and because of failure to secure from her a written consent to the inclusion of her irrigated land within the district. The plaintiff, Scilley, fully explained her failure to appeal in accordance with the mandate of the statute, section 7211, supra, as amended, so that she was entitled to equitable relief, since she had no remedy at law. In the instant case, there is a total absence of a showing which fairly can be said to indicate a lack of, or a defect in, the jurisdiction of the court which rendered the

decree of confirmation. Plaintiff has failed to plead or otherwise disclose any reason or excuse for its failure to question the decree by appeal within the time prescribed by the statute.

Viewing the case as a whole in the light most favorable to ██ plaintiff, the most that can be said is that the court acting wholly within its jurisdiction may have erroneously construed the law applicable to the case. Whether it did or did not err in confirming the levies and other proceedings, we need not here decide. Since, as we have found, the court was acting within jurisdiction, plaintiff's remedy was by appeal, as provided by statute. Having failed to avail itself of that remedy, and being without any reason or excuse for its delinquency, plaintiff is not now in a position to question the judgment in the manner here attempted. In accordance with the statute (sec. 7211, as amended) and the authorities to which we have adverted, the judgment of confirmation is, from all that appears in the record herein, now conclusive, and, to use the words of the statute, can "never be called into question in any court in the state."

It follows that the court was correct in sustaining the demurrer to the complaint. The judgment dismissing the complaint must be, and it is hereby, affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES MATTHEWS, ANDERSON and MORRIS concur.