No. 84-267

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

IN RE THE MARRIAGE OF
HELEN FEDEROFF CANNON,

                    Petitioner and Respondent,

        and

MAX ERNEST CANNON,

                    Respondent and Appellant.

APPEAL FROM:  District Court of the Fourth Judicial District,
              In and for the County of Missoula,
              The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Tipp, Hoven, Skjelset & Frizzell, Missoula,
                Montana

        For Respondent:

                Stewart A. Pearce, Missoula, Montana

                            Submitted on Briefs:  Dec. 13, 1984

                                        Decided:  March 20, 1985

Filed:  MAR 20 1985

                        _Ethel M. Harrison_
                        ─────────────────────────────
                                    Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

On July 6, 1982, the District Court issued the final decree dissolving the marriage and distributing the marital estate of Helen Cannon and Max Cannon. Ten months later, on May 9, 1983, Helen Cannon filed a motion to modify the final decree distributing the marital estate. Both parties were heard on the motion and the District Court issued an order designated "Corrective Order." In the order the Court awarded attorneys fees to respondent.

Affirmed in part and reversed in part.

Appellant, Max Cannon, construed this "Corrective Order" as being a modification of judgment subject to Rule 60(b), M.R.Civ.P., and now raises several issues that are based on that assumption. As will be explained in the following paragraphs, the District Court has not revised the judgment in a manner that requires Rule 60(b) to be applied, therefore, appellant's assumption is incorrect and we do not address those issues that are based on that assumption.

In the common law there was a concept that a case was "in the breast of the judges" during a term of court and the judges could modify a judgment, even on their own motion, until the term ended and the judgment could not be disturbed. When "terms of court" became an obsolete concept and courts began to function "at all times" the general rule became one whereby an appealable order regularly made could not be amended except as provided by statute. However, there was an exception to this general rule: if an order made by a trial court was inadvertently or improvidently made or prematurely entered the court could vacate the order of its own motion.

See, Whitbeck v. Montana Cent. Ry. Co. (1898), 21 Mont. 102, 107-108, 52 P. 1098, 1099-1100. Later Montana cases have refined the exception to the general rule set forth in Whitbeck and present it in its modern state: Court's have the power to amend their judgments to the end that they will express what the court actually decided. This can be done only to express what was actually decided or to grant the relief originally intended. This cannot be used to correct errors into which the court itself falls, that is, judicial errors. Once the court has entered a judgment as intended, though it may be erroneous, it becomes final and must stand until it has been revised by procedures in accord with statutes. The court cannot have a change of mind or correct an erroneous decision. See, Price v. Zunchich (Mont. 1980), 612 P.2d 1296, 1299, 37 St.Rep. 1058, 1061; State ex rel. Truax v. Town of Lima (1948), 121 Mont. 152, 158, 193 P.2d 1008, 1011; State ex rel. Vaughn v. District Court (1941), 111 Mont. 552, 555-556, 111 P.2d 810, 811; State ex rel. Smith v. District Court (1919), 55 Mont. 602, 606, 179 P. 831, 833; State ex rel. McHatten v. District Court (1918), 55 Mont. 324, 328-329, 176 P. 608, 609.

The facts of this case, furthermore, are such that an application of Rule 60(a), M.R.Civ.P. is better supported than is an application of Rule 60(b), M.R.Civ.P. As Professor William F. Crowley states:

> Rule 60, M.R.Civ.P., permits a court to correct "clerical mistakes" in judgments, orders, pleadings, or "other parts of the record" upon motion of a party or its own initiative. Rule 60(a), M.R.Civ.P. The court may also "on motion and upon such terms as are just," and for a variety of reasons, relieve parties from judgments or final orders. Rule 60(b), M.R.Civ.P.
>
> Rule 60(a), M.R.Civ.P, which permits the correction of clerical errors, is of occasional use to judges

and lawyers but seldom has a crucial effect. The courts have not permitted it to be used to relitigate matters already decided or to change what the court has deliberately done. It simply allows the doing, at a later date, of what was originally intended but not accomplished. Unlike most post-trial procedures, it has no time limit on its use. William F. Crowley, Montana Pleading and Practice Forms, 275 (1983).

The District Court in this instance has not had a change of mind and it did not correct a judicial error, that is, it did not correct an erroneous decision. The District Court in this instance has merely issued a corrective order to amend the judgment to express what was actually decided and to grant the relief originally intended. This the District Court can do.

The District Court clearly states in the order that the order is made to fulfill the original intent of the final decree. However, the District Court states in the order that it was not aware that an existing mortgage on a particular piece of property included in the marital estate reduced the monthly income that the District Court intended Helen Cannon to receive and places the responsibility for this lack of awareness on the appellant because of his failure to disclose the existing mortgage. The record discloses, however, that the appellant mentioned the mortgage on several occasions throughout the course of the proceedings in this cause, including in the original response and cross-petition and answers to interrogatories. The District Court also made several references to the mortgage in several orders that it issued prior to the final decree.

We find that the District Court erred in reaching the conclusion that the appellant failed to disclose the mortgage. We find, though, that this error does not warrant reversal of the order because the power that the District

Court had to amend its judgment existed independent of the erroneous finding. The finding was not necessary to enable the District Court to issue the order. This Court will not reverse for an error that would have no significant impact on the result, that is, when the eventual result obtained would be the same. Kirby Co. of Bozeman v. Employment Security Division of the Montana State Department of Labor and Industry (Mont. 1980), 614 P.2d 1040, 1043, 37 St.Rep. 1255, 1258. We hold that, insofar as the District Court order revised its judgment to meet the original intent, the order shall stand.

The District Court awarded attorney's fees to the respondent on the basis that the appellant failed to disclose the existence of the mortgage, a fact well known to him, and this failure unduly generated attorney's fees for the respondent. It is clear, however, that the appellant did not fail to disclose the existence of the mortgage. Therefore, there is no extreme situation which would justify the award of attorney's fees. The general rule on attorney's fees applies in this case: absent a specific contract provision or statutory grant, the prevailing party is not entitled to an award of attorney's fees either as costs of the action or as an element of damage. Martin v. Crown Life Insurance Company (Mont. 1983), 658 P.2d 1099, 1104, 40 St.Rep. 216, 221.

We hold that the District Court corrective order shall stand as issued except for the award of attorney's fees. We reverse the District Court's award of attorney's fees.

_____
Justice

We Concur:

_P. A. Turnage_
Chief Justice

_John Conway Harrison_

_Frank B. Morrison_

Justices