No. 99-164

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 54N

IN RE THE MARRIAGE OF

HERBERT HUCK,

Petitioner and Appellant,

and

LOU ANN HUCK,

Respondent and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

Honorable Russell C. Fagg, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Roy W. Johnson, Billings, Montana

For Respondent:

Vicki Knudsen, Roundup, Montana

Submitted on Briefs: February 24, 2000

Decided: March 7, 2000

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2. This dissolution of marriage was tried in the Thirteenth Judicial District Court, Yellowstone County. Herbert Huck appeals from the maintenance provision in the decree of dissolution and from subsequent orders entered by the court. We affirm.

¶3. The issues are whether the court erred in awarding maintenance to Lou Ann Huck and in entering its supplemental decrees.

¶4. Herbert states that Lou Ann was awarded a substantial portion of the marital estate, including income-producing property, and claims that she is able to support herself through appropriate employment. He argues that the court erred in awarding Lou Ann maintenance.

¶5. Maintenance can be awarded only if the court finds that the spouse seeking it lacks sufficient property to provide for her reasonable needs and is unable to support herself through appropriate employment. Section 40-4-203(1), MCA. We review maintenance awards under the clearly erroneous standard. *In re Marriage of Smith* (1995), 270 Mont. 263, 269, 891 P.2d 522, 526.

¶6. The District Court found that although Lou Ann received property and other assets from the marriage, the income from that property would be insufficient to meet her monthly needs. It further found that she had not been employed during the parties' 37-year marriage except as the bookkeeper for Herbert's small business. Those findings were supported by substantial credible evidence and are not otherwise clearly erroneous. We hold that the court's findings are sufficient to meet the statutory requirements for an award

of maintenance.

¶7.Herbert's second argument relates to the court's finding in the original decree that cash stored in a safe in the home awarded to Lou Ann should be divided equally between the parties. At the dissolution hearing, Herbert had testified that the safe contained $13,000, and Lou Ann had testified that she did not know how much money was in the safe. The court attached to a supplemental decree regarding personal property a copy of a list which Herbert had made of the personal property to be awarded to him. Included in Herbert's list was "$6,500 out of $13,000 cash in safe in house."

¶8.At a later hearing, Lou Ann testified that she had opened the safe and that it actually contained only $1,330. In a second supplemental decree, the court found Lou Ann's testimony credible and reclarified that it had awarded one-half of the money in the safe to Lou Ann and one-half to Herbert. Herbert argues that this exceeded the court's jurisdiction to alter or amend the judgment, characterizing it as a substantive rather than clerical alteration and therefore not allowed under Rule 60(a), M.R.Civ.P.

¶9.In clarifying its judgment, the District Court cited *In re the Marriage of Cannon* (1985), 215 Mont. 272, 697 P.2d 901, as authority for the principal that courts have the power to amend their judgments so that they will express what the court actually decided. In this case, the court stated that its original intent was to award each party one half of the money in the safe, and that earlier in the proceedings, it was not sure how much money was in the safe. After reviewing the record, we conclude that the court was within its jurisdiction in making the clarification that it made.

¶10.Finally, Lou Ann asks to be awarded her attorney fees on appeal pursuant to Rule 32, M.R.App.P., or § 40-4-110, MCA. We agree with Lou Ann that this appeal was taken without substantial or reasonable grounds justifying an award of damages under Rule 32. We remand to the District Court to allow that court to determine the amount of reasonable attorney fees to be awarded to Lou Ann for this appeal.

¶11.The judgment of the District Court, including the court's supplemental orders, is affirmed.

/S/ J. A. TURNAGE

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER