JUSTICE COTTER
concurring and dissenting.
¶61 I concur in the Court’s disposition of Issues 2, 3, 4, and 5. I respectfully dissent from the Court’s disposition of Issue 1.
¶62 In reversing the District Court’s conclusion that Brenda was entitled to receive the sum of $9,000 in temporary support and maintenance, this Court appears to relegate a binding Order of the issuing court requiring Robert to pay Brenda $3,000 per month “pending disposition of this proceeding, through the entry of a final decree ...” to secondary status. The Court applies the law governing interpretation of a contract to conclude that the property settlement *246 agreement entered between the parties had the effect of wiping out an obligation previously imposed upon Robert pursuant to court order. I find this conclusion wrong.
¶63 According to § 40-4-121(9)(b), MCA, a temporary order of maintenance or support “terminates upon order of the court or when the petition is voluntarily dismissed and, in the case of a temporary ... support order, upon entry of the decree of dissolution ....” The District Court entered an order of temporary maintenance and support, and specifically stated that the order would remain in effect until the entry of a final decree. Under the statute noted above, such an order continues in effect until further order of the court by decree or otherwise, unless the petition is first voluntarily dismissed, which did not occur here.
¶64 It is important to note that the property settlement agreement incorporated into the court’s Final Decree did not specify that, by virtue of the general release language, the delinquent support and maintenance obligations would be eliminated. When it approved the final property settlement agreement, the District Court found that the provisions of the document were “fair and equitable.” It is clear from the court’s Findings of Fact and Conclusions of Law at issue here that the court did not contemplate in finding the document “fair and equitable” that its Order of temporary support would be wiped out by the general release language contained in that document. When it became apparent that Robert gave an interpretation to the Decree that the court did not intend, the court interpreted the Decree so as to reinforce its earlier Order of support and maintenance. This the court is clearly permitted to do.
¶65 In In re Marriage of Cannon (1985), 215 Mont. 272, 697 P.2d 901, we held that a district court has the authority to amend its judgment to reflect what was actually decided, and to grant the relief originally intended. The court cannot correct judicial errors in this fashion, or alter the substantive rights of the parties; it can exercise such authority only to express what the court actually decided. Cannon, 215 Mont, at 274, 697 P.2d at 902. Although not framed in terms of an amended judgment, the court’s Order on appeal clarifies the intent of the court in approving the settlement agreement of the parties: the court did not intend to release Robert from its earlier Order requiring him to pay support and maintenance until the entry of the Final Decree.
¶66 I believe the Court has applied an erroneous standard of review to this issue. The question should not be one of interpretation of *247 contract, but rather of whether the District Court abused its discretion in interpreting its own Order and Decree as intended. I would conclude there was no abuse of discretion, and would affirm the District Court’s decision that Brenda was entitled to receive the support and maintenance payments that were the subject of a pre-dissolution court Order. I therefore dissent.