LEE, RESPONDENT, *v.* LAUGHERY, APPELLANT.

(No. 3,937.)

(Submitted September 17, 1918.   Decided October 28, 1918.)

[175 Pac. 873.]

*Real Property—Quieting Title—Ejectment—Deeds—Recordation — Acknowledgment — Bill of Exceptions — Certificate— Judgments—Surplusage.*

Quieting Title—Complaint—Contents.
   1.   To state a good cause of action in a suit to quiet title, plaintiff must allege either possession by himself or the fact that the land in question is unoccupied.

Deeds—Recordation of Instruments—Constructive Notice.
   2.   In order that the record of an instrument shall impart constructive notice, the writing must be one which the law authorizes to be recorded.
   [As to instruments void on face as entitled to record, see note in Ann. Cas. 1912C, 675.]

Same—Acknowledgment by Whom.
   3.   To entitle an instrument to record, under section 4646, Rev. Codes, it must be acknowledged by the party who is bound by it to the performance of an act, acknowledgment by the party to whom he is bound being of no avail, and record of it in the latter case imparts no constructive notice whatever.

Same—Consideration—Burden of Proof.
   4.   A deed to land furnishes presumptive evidence of a consideration, and the burden of showing want of consideration sufficient to support it is upon him who seeks to invalidate it or avoid its effect.

Appeal and Error—Bill of Exceptions—Certificate—Effect.
   5.   Where the record on appeal recites that a deed was offered and received in evidence, but the instrument is absent from the transcript, a recital in the certificate that the bill of exceptions contains all the evidence is of no avail in face of the affirmative showing that it does not.

On sufficiency and necessity of possessory title to enable one to bring action to quiet title, see note in 46 L. R. A. (n. s.) 502.

Judgments—Correct Result—Wrong Theory—Surplusage.
    6.   Where the correct result was reached in an action involving title
    to real property, it is immaterial that the court adopted a wrong
    theory, and, the judgment being sufficient, any unnecessary recitals
    in it will be treated as surplusage.

*Appeal from District Court, Carbon County; Geo. W. Pierson, Judge.*

ACTION by Levi T. Lee against Thomas E. Laughery.   Judgment for plaintiff.   From an order denying him a new trial, defendant appeals.   Affirmed.

*Messrs. Grimstad & Brown,* for Respondent, submitted a brief; *Mr. L. A. Brown* argued the cause orally.

Addressing ourselves to the proposition as advanced by appellant that the instruments are a mortgage rather than a conditional sale, we submit the following authorities that the trial court in its conclusions was right and that the instrument in question was nothing more than a conditional sale and, therefore, after December 19, 1911, Laughery had no further interest in the premises.   (2 Devlin on Real Estate, 3d ed., 1112; *Williams* v. *Owen,* 10 Sim. 386, 59 Eng. Reprint, 664; *Cowell* v. *Craig,* 79 Fed. 685; *Alderson* v. *White,* 2 De Gex & J. 97, 44 Eng. Reprint, 924; *McNamara* v. *Culver,* 22 Kan. 661; *Hurst* v. *Beaver,* 50 Mich. 612, 16 N. W. 165; *Davis* v. *Thomas,* 1 Russ. & M. 506, 39 Eng. Reprint, 195; *Tapply* v. *Sheather,* 8 Jur. N. S. 1163; *Goodman* v. *Grierson,* 2 Ball & B. 274; *Shaw* v. *Jeffrey,* 13 Moore P. C. C. 432, 15 Eng. Reprint, 162; *Green* v. *Butler,* 26 Cal. 595; *Slowey* v. *McMurray,* 27 Mo. 113, 72 Am. Dec. 251; *Smith* v. *Hoff,* 23 N. D. 37, Ann. Cas. 1914C, 1072, 135 N. W. 772; 5 Elliot on Contracts, sec. 4609.)

Under statutes identical with section 6870, Revised Codes, it is not necessary for plaintiff to be in possession in order to bring an action to quiet title.   (*Burleigh* v. *Hecht,* 22 S. D. 301, 117 N. W. 367; 17 Eng. Pl. & Pr. 290, 313.)

The evidence discloses the fact that Longley went into possession of this property, and that at the time of the commencement

of the action Laughery was on the land by virtue of a lease from Longley. Longley then being in possession of the premises, and Laughery being his tenant, it was incumbent upon Laughery, before he could question the title of Longley, or any of those to whom Longley had deeded the premises, to satisfy the mortgage, if it was a mortgage. (*Fee* v. *Swingly*, 6 Mont. 596, 13 Pac. 375.)

The fact that Laughery stood by and helped sell the property and that he was in possession of the place by virtue of a lease from Longley, and the further fact that he filed a mechanic's or materialman's lien against the property, is strong proof that Mr. Laughery at that time understood the property to belong to Longley and not to him. (*Robitaille* v. *Boulet*, 53 Mont. 66, 161 Pac. 163; *Harrington* v. *Butte & Superior Copper Co.*, 52 Mont. 263, 157 Pac. 181; *Dunne* v. *Yund*, 52 Mont. 24, 155 Pac. 273; *Riley* v. *Blacker*, 51 Mont. 364, 152 Pac. 758.) Some courts have gone so far as to hold that before a deed can be declared to be an equitable mortgage, there must exist a debt which must be personal in its nature, and enforceable against the person independently of the security. (*Voris* v. *Robbins*, 52 Okl. 671, 153 Pac. 120.)

When a purchaser searches the records until he finds a deed by which his grantor acquired title, he is not bound to look for deeds of an antecedent grantor recorded after the deed to his grantor. The recording of a deed is constructive notice only to subsequent purchasers under the same chain of title. (*Morse* v. *Curtis*, 140 Mass. 112, 54 Am. Rep. 456, 2 N. E. 929; *Calder* v. *Chapman*, 52 Pa. St. 359, 91 Am. Dec. 163; *Hill* v. *McNichol*, 76 Me. 314; *Day* v. *Clark*, 25 Vt. 397; *Carbine* v. *Pringle*, 90 Ill. 302; *Corbin* v. *Sullivan*, 47 Ind. 356; *Shackleton* v. *Allen Chapel African M. E. Church*, 25 Mont. 421, 65 Pac. 428; *Chowen* v. *Phelps*, 26 Mont. 524, 69 Pac. 54; *Hughes* v. *Davis*, 40 Cal. 117.)

*Messrs. Nichols & Wilson* and *Messrs. Walsh, Nolan & Scallon*, for Appellant, submitted a brief; *Mr. C. B. Nolan* argued the cause orally.

From the appellant's standpoint, the action which should have been instituted was an action to foreclose the mortgage. From the standpoint of the respondent, insisting that the deed was absolute under the conditions existing, the action should have been ejectment. The motion for a nonsuit should have been granted, as Laughery being in possession, the action to quiet title cannot be maintained. (*Wolverton* v. *Nichols,* 5 Mont. 89, 2 Pac. 308; *Sklower* v. *Abbott,* 19 Mont. 228, 47 Pac. 901; *O'Hanlon* v. *Ruby Gulch Mining Co.,* 48 Mont. 65, 135 Pac. 913.)

A *bona fide* purchaser is one who, at the time of his purchase, advances a new consideration, surrenders some security or does some other act which leaves him in a worse position should his purchase be set aside, and purchases in the honest belief that his vendor had a right to sell without notice, actual or constructive, of any adverse rights, claims, interests or equities of others in and to the property sold. (*Foster* v. *Winstanley,* 39 Mont. 314, 102 Pac. 574.)

The plea of estoppel, which for the first time is set forth in the reply, is so defectively set forth that facts are not stated to make it available as a basis on which to found title. Estoppel must be pleaded. (*Stafford* v. *Hornbuckle,* 3 Mont. 485; *Capital Lumber Co.* v. *Barth,* 33 Mont. 94, 81 Pac. 994; *City of Butte* v. *Mikosowitz,* 39 Mont. 350, 102 Pac. 593; *O'Meara* v. *McDermott,* 40 Mont. 38, 104 Pac. 1049; *Conrow* v. *Huffine,* 48 Mont. 437, 138 Pac. 1094; *Smith* v. *Barnes,* 51 Mont. 202, Ann. Cas. 1917D, 330, 149 Pac. 963.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In March, 1910, W. A. Longley agreed to convey to Thomas E. Laughery nineteen lots in Laurel, and, in consideration thereof, Laughery agreed to convey to Longley the Miller ranch in Carbon county. Longley made his conveyance, but Laughery, being unable at the time to comply with his part of the contract, conveyed to Longley another ranch known as the "Laughery"

ranch. The conveyance was by deed absolute in form. At the same time an agreement in writing was entered into between these parties, which recited in effect that the Laughery ranch had been transferred as security for the performance by Laughery of his obligation under the original agreement, and further provided that if Laughery should acquire title in fee simple to the Miller ranch and tender a deed therefor or the cash equivalent, on or before December 19, 1911, then the tender should be accepted and Longley should thereupon deed back the Laughery ranch. This agreement was signed by both parties, was acknowledged by Laughery only, and was filed for record and recorded on February 20, 1912. In the meantime Laughery leased the Laughery ranch from Longley, and Longley on January 29, 1912, sold the same ranch to the Yellowstone Land & Grain Company. On March 9, 1912, the Yellowstone Land & Grain Company conveyed the Laughery ranch, by warranty deed, to plaintiff, Lee. Laughery thereafter asserted title to the land, and this action was instituted.

The complaint contains two so-called causes of action—one to quiet title, the other in ejectment. The answer contains certain admissions and denials not now material, and an affirmative defense in which is recited the transactions between Longley and Laughery, followed by allegations to the effect that the deed and contract constituted a mortgage, that no proceedings for its foreclosure had been instituted, and that the Laughery ranch was at all times of much greater value than the Miller ranch. There was reply to the new matter, and upon a trial to the court without a jury the issues were determined in favor of plaintiff. From an order denying him a new trial, defendant appealed.

The findings made by the lower court refer to the deed and contract, to the conveyance to the Yellowstone Land & Grain Company, and to the deed to plaintiff. There is a finding that plaintiff obtained title without notice of any claim by defendant except such as might have been conveyed by defendant's possession; that defendant had secured a lease of the Laughery ranch from Longley; and that he had not performed or offered

to perform the condition imposed upon him by the contract. The court concluded:

(1) That the contract between Longley and Laughery was an agreement on the part of Longley to reconvey on condition to be performed by Laughery within a specified time, and that, by reason of Laughery's failure to perform or offer to perform, he could not assert any claim to or interest in the Laughery ranch.

(2) That defendant had held possession by virtue of a lease.

(3) That the leasehold interest had terminated; and

(4) That plaintiff is owner of the Laughery ranch, and his title thereto should be quieted.

The judgment establishes title and right of possession in plaintiff and awards him possession and his costs. It then proceeds to declare that the claim of defendant is invalid, and he is enjoined from further asserting it.

1. The complaint does not state a cause of action to quiet title. **[1]** It is nowhere alleged that plaintiff is in possession or that the land is unoccupied. If the Laughery ranch was held adversely to plaintiff, then ejectment furnished a plain, speedy and adequate remedy. Either possession by plaintiff or the fact that the land is unoccupied is an essential ingredient of the action to quiet title (*Montana Ore Pur. Co.* v. *Boston & Montana Co.*, 27 Mont. 288, 70 Pac. 1114; *O'Hanlon* v. *Ruby Gulch Min. Co.*, 48 Mont. 65, 135 Pac. 913) ; and it is necessary that the one fact or the other be made to appear by appropriate allegation (32 Cyc. 1352). In the so-called second cause of action, it is alleged that defendant is in possession, and this of itself is sufficient to defeat plaintiff's right to relief in equity.

2. There are in the complaint sufficient allegations to state a cause of action in ejectment, and it is not contended, and could not be, that plaintiff did not make out a *prima facie* case upon that theory. When Laughery conveyed the land to Longley by deed absolute in form, he placed it within the power of Longley to convey a fee-simple title to anyone who paid value without notice of Laughery's outstanding claim, and upon the pleadings and undisputed evidence the court had before it, at the close of

plaintiff's case, a perfect chain of title from Laughery to Lee, and therefore plaintiff acquired an absolute title, even though the land was encumbered by mortgage, unless he had notice of the mortgage.

3. The burden was upon the defendant to overcome this *prima facie* case, and this he sought to do, first, by an attempt to show that Lee purchased with actual knowledge of the outstanding equity; but upon the conflicting testimony the trial court determined the issue in plaintiff's favor, and the evidence fully sustains the finding.

4. In the second place, defendant relied upon the recordation of the Longley-Laughery contract as imparting constructive notice. By the terms of that agreement Longley was the party to be charged. He agreed that if a tender was made of a sufficient deed to the Miller ranch, or its cash equivalent, he would accept the tender and reconvey the Laughery ranch. It is [2] elementary that, in order that the recordation of an instrument shall impart constructive notice, the instrument itself must be one which the law authorizes to be recorded. Section 4646, [3] Revised Codes, provides that, before an instrument can be recorded, its execution must be acknowledged by the person executing it. (The exceptions to the rule are not involved here.) According to defendant's own theory, he conveyed the Laughery ranch to Longley by deed absolute, received back Longley's contract to reconvey, and that the two instruments constituted a mortgage. Laughery's signature to the contract added nothing to it, and his acknowledgment of its execution was equally without force or effect. We have presented a case analogous to that of a deed acknowledged by the grantee alone. Since Longley was the party bound by the contract, he was the "party executing it," within the meaning of section 4646 above; and, since he did not acknowledge its execution, it was not entitled to be recorded, and its recordation imparted no constructive notice whatever. (*Baum* v. *Northern Pac. Ry. Co., ante,* p. 219, 175 Pac. 872.)

The record lends much support to the court's conclusion that the Longley-Laughery contract was merely an agreement on the part of Longley to reconvey upon condition to be performed by Laughery within a given time; but defendant's position is not improved, if we accept his theory that the deed and contract constituted a mortgage, since plaintiff had no notice, actual or constructive, of the existence of such mortgage.

5. It was not necessary for plaintiff to prove, in the first instance, that he paid an adequate consideration for the Laughery [4] ranch. The deed from his grantor furnished presumptive evidence of a consideration (secs. 5010 and 7962 [39], Rev. Codes), and the burden of showing want of consideration sufficient to support it was upon the defendant who sought to invalidate it, or to avoid the effect it otherwise would have (sec. 5011, Rev. Codes). It does not appear from plaintiff's testimony that he did not pay an adequate consideration, and defendant offered no evidence on the subject.

6. It is suggested by appellant that there is not any evidence [5] that Lee's deed was ever recorded. The record recites that his deed was offered and received in evidence, but it is not contained in the transcript. If it were before us, it would doubtless disclose whether it had been recorded. The burden of preparing the bill of exceptions was upon defendant in the lower court, and the burden of showing error is upon him in this court. The recital in the certificate that the bill of exceptions contains all the evidence cannot avail in the face of an affirmative showing that it does not.

7. It cannot be said that this cause was tried as a suit in [6] equity. The record is equally consistent with the theory that plaintiff relied upon his complaint in ejectment and defendant upon his equitable defense; and even though it be conceded that the trial court erred in its theory in deciding the case—and this is not entirely clear—the record discloses that the same result must have been reached if a correct theory had been adopted. In other words, upon the record made, the plaintiff was entitled to a judgment that he is the owner of the Laughery

ranch, entitled to its possession and to his costs; and, since the judgment is sufficient, any additional recitals in it should be treated as surplusage.

The order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY concurs.

(Submitted September 17, 1918.    Decided November 4, 1918.)