ALBERT R. DELUCA vs. ARLENE P. DELUCA
(and a companion case).

No. 87-680.

Essex. December 16, 1987. — July 8, 1988.

Present: SMITH, KAPLAN, & FINE, JJ.

*Judgment,* Relief from judgment, Correction of judgment. *Divorce and Separation,* Judgment. *Practice, Civil,* Relief from judgment, Correction of judgment.

A judge in the Probate Court who, upon motion, amended judgments entered in cross-complaints for divorce to conform the judgments to his contemporaneous intention at the time the judgments were framed, acted properly within the meaning of Mass.R.Dom.Rel.P. 60(a), inasmuch as he corrected an "error . . . arising from oversight or omission." [193-195]

Where over a year had passed from the entry of amended judgments in cross-complaints for divorce, this court had no power to enlarge the time within which a party could file a notice of appeal from the amended judgments. [195]

COMPLAINTS for divorce filed in the Essex Division of the Probate and Family Court Department on April 4, 1984, and May 17, 1984, respectively.

The cases were heard by *Haskell C. Freedman,* J., and a motion for relief from judgment was heard by him.

*H. Burton Hampton* for Albert R. DeLuca.

*Roger Alan DuPont* for Arlene P. DeLuca.

SMITH, J. This appeal arose from cross-complaints for divorce. Arlene P. DeLuca (Arlene) sought a divorce from Albert R. DeLuca (Albert) claiming cruel and abusive treatment by Albert. Albert brought a separate action on grounds of irretrievable breakdown of their marriage. The actions were consolidated and tried before a Probate Court judge. He ruled that each party was entitled to a divorce for the reasons each had asserted. In a memorandum of decision he addressed the factors set out in G. L. c. 208, § 34, as amended by St. 1983, c. 233, § 77. We summarize those findings that are relevant to this appeal.

Albert has been in the automobile business since 1955. He owns two corporations, an automobile sales business and an automobile rental company. Both corporations are located in Haverhill on property owned by him. Albert also owned, as investment property, a five-unit apartment house in Lawrence. The building was in need of extensive repairs before the units could be rented out to produce income. The property was valued at $175,000 and was subject to a mortgage of $25,350. In addition, Albert had a $350,000 line of credit from a bank, secured by the Haverhill and Lawrence properties.

The judge found that Arlene had no marketable job skills and no foreseeable opportunity to acquire assets because of her lack of those skills. He stated that "[a] woman, untrained in all respects to obtain employment in today's job market, who was a housewife for twenty-four years and successfully raised three boys, should not now be required to serve hamburgers or accept comparable employment at minimum wages unless the situation absolutely requires it."

Judgments of divorce nisi were entered on February 21, 1986.[1] The judge ordered, among other things, that Albert convey to Arlene all of his interest in the apartment building in Lawrence, "subject to all outstanding mortgages, liens, real estate taxes and any other encumbrances." Neither party appealed from the judgments, and they became absolute ninety days later.

On March 3, 1987, Arlene filed a motion captioned "Motion For Relief From Judgment."[2] In it Arlene stated that the portions of the judgments that ordered Albert to convey to her the Lawrence property "subject to outstanding mortgages, liens, real estate taxes and any other encumbrances" was unclear because "it relies on the differing interpretations of the parties and is unduly burdensome to [her]." She requested "that the judgment[s] be clarified with respect to a Three Hundred Fifty

---

[1] We assume that a judgment was entered in each action; that appears to have been the judge's intent.

[2] Arlene never specified whether she was bringing her motion under Mass. R.Dom.Rel.P. 60(a) or (b) (1975). Her failure to so specify is not dispositive. *Bowers* v. *Board of Appeals of Marshfield,* 16 Mass. App. Ct. 29, 33 (1983).

Thousand ($350,000) dollar floating line of credit for contingent liability (which is secured by the aforementioned real estate of [Arlene] used to purchase automobiles for defendant's business) so that the credit line, of unknown active amount of encumbrance and indeterminate length, no longer be secured by said real estate."

After a hearing the judge ruled that Albert's conveyance of the Lawrence property to Arlene was subject only to the $25,350 mortgage, and not to the $350,000 line of credit. Therefore, Albert must make an arrangement with the bank whereby the Lawrence property is not subject to the line of credit. In a memorandum that accompanied his decision, the judge stated that it had been his intention in framing the judgments of divorce to award to Arlene the Lawrence property "subject *only* to the mortgage of $25,350 and thus give her the balance as equity in the property and to enable her to derive net rental income. . . . It was *not* my intention to award her that real estate subject to an encumbrance greater than the equity in the real estate. To do so would have been a Pyrrhic award" (emphasis original). The judge then added that it was his own "*inadvertence in drafting* . . . the [j]udgments that resulted in the instant motion being filed" (emphasis supplied). The judge specifically stated that he allowed the motion pursuant to Mass.R.Dom.Rel.P. 60(b)(6) (1975).

Albert seizes on the word "inadvertence" used by the judge and argues that the motion should properly have been decided under rule 60(b)(1)[3] and not 60(b)(6). According to him, the distinction is critical because, although motions under both subsections must be brought within a reasonable time, a rule 60(b)(1) motion must be filed within one year following the entry of judgment. *Chavoor* v. *Lewis*, 383 Mass. 801, 803

---

[3] Massachusetts Rules of Domestic Relations Procedure 60(b)(1) (1975) and its counterpart, Mass.R.Civ.P. 60(b)(1), 365 Mass. 828 (1974), allow a judge to relieve a party or his legal representative from a final judgment, order, or proceeding due to "mistake, inadvertence, surprise, or excusable neglect." *Murphy* v. *Administrator of the Div. of Personnel Admn.*, 377 Mass. 217, 227-228 (1979). It "applies not only to mistakes, acts or omissions by the parties, but also to those by the court." *Chavoor* v. *Lewis*, 383 Mass. 801, 805 n.3 (1981).

(1981). Because Arlene's motion was filed one year and ten days after entry of the judgments nisi, Albert argues that it was not timely filed.

Arlene contends that the motion was timely filed, and that the judge did not abuse his discretion in deciding the motion in her favor. We agree with Arlene but hold that the judge should have decided the motion under rule 60(a) and not pursuant to rule 60(b)(6).

By its terms,[4] rule 60(a) permits the correction not only of clerical mistakes but also of errors arising from oversight or omission. 11 Wright & Miller, Federal Practice and Procedure: Civil § 2854 at 148-149 (1973). The "error" involved in this case clearly is an inadvertence "arising from oversight or omission" as these terms are used in rule 60(a). According to the judge, he amended the judgments to conform them to his contemporaneous intention at the time he framed the original judgments. It has been held in similar circumstances that such a correction is permitted by rule 60(a). See *Mark Rich & Co. A.G.* v. *United States*, 739 F.2d 834, 837 (2d Cir. 1984); *Panama Processes, S.A.* v. *Cities Service Co.*, 789 F.2d 991, 993 (2d Cir. 1986).[5] Also see *Sanborn* v. *Johns*, 19 Mass. App. Ct. 721, 725 n.4 (1985), where in dictum the court said, "If, as the evidence suggests, the judge hearing the divorce intended to include paragraphs 3 and 4 in the divorce decree, but neglected to do so, Mass.R.Dom.Rel.P. 60(a) (1975) authorizes correction of the judgment at any time."

---

[4] Massachusetts Rule of Domestic Relations Procedure 60(a) (1975) provides:

> "(a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court."

[5] The Federal decisions are, of course, construing Fed.R.Civ.P. 60(a). "As the general principle, we apply to our rules of civil procedure the construction given to cognate Federal rules." *Chavoor* v. *Lewis*, 383 Mass. 801, 806 n.5 (1981). *Parrell* v. *Keenan*, 389 Mass. 809, 815 n.8 (1983).

"Clerical mistakes and errors of oversight or omission may be corrected at any time." 11 Wright & Miller, Federal Practice and Procedure: Civil § 2855, at 155. Therefore, there is no time limit on such motions.

Albert claims that if the original judgments had contained the provision that Albert's conveyance of the Lawrence property to Arlene was subject only to the $25,350 mortgage, he would have appealed on the ground that the division of the marital property was unfair. He argues that if we sustain the judge's action, he should have, in justice, the right to appeal to this court the division of the marital property as reflected in the amended judgments. Rule 14(b) of the Massachusetts Rules of Appellate Procedure, 378 Mass. 939 (1979), forbids an appellate court from enlarging "the time for filing a notice of appeal beyond one year from the date of entry of the judgment or order sought to be reviewed." Over one year has passed from the entry of the amended judgments and orders in this case. Therefore, we have no power to grant Albert the right to appeal from the amended judgments. In any event, we believe that a reading of the judge's memorandum of decision that accompanied his original judgments should have alerted Albert to the likelihood that the judge intended that the Lawrence property be conveyed to Arlene subject only to the $25,350 mortgage.

The amended judgments are affirmed.

*So ordered.*