JUDITH GAGNON *vs.* ROBERT FONTAINE.

No. 93-P-508.

Hampden. November 10, 1993. - April 28, 1994.

Present: WARNER, C.J., PERRETTA, & JACOBS, JJ.

*Judgment,* Relief from judgment, Correction of judgment. *Divorce and Separation,* Judgment. *Practice, Civil,* Relief from judgment, Correction of judgment.

Discussion of Massachusetts Rules of Domestic Relations Procedure 52(b), 59(e), 60(b)(1) and 60(a), pertaining to correction of mistakes in orders and judgments. [395-396]

A motion to amend a 1984 divorce judgment filed in 1992 was considered to be a motion to correct a "clerical mistake" or "error [in the judgment] arising from oversight or omission," under Mass.R.Dom.Rel.P. 60(a). [396]

In a divorce action in which the plaintiff's complaint requested the conveyance of property at a certain address as recorded in the registry of deeds in a certain book and page, and the judgment ordered the conveyance of the property as referenced, there was no basis for a "correction" of the judgment under Mass.R.Dom.Rel.P. 60(a) eight years later to include conveyance of the adjoining parcel of real estate at the same address described in a separate deed and recorded in a separate book and page, where there was no error apparent on the face of the original judgment. [396-401]

COMPLAINT for divorce filed in the Hampden Division of the Probate and Family Court Department on November 19, 1982.

The case was heard by *Joseph E. Rodgers,* J., and a motion to amend judgment was heard by *Henry O'Connor, Jr.,* J.

The case was submitted on briefs.

*Gerald B. Berg* for Judith Gagnon.

*George W. Leary* for Robert Fontaine.

WARNER, C.J. In her 1982 complaint for divorce against Robert Fontaine (Robert), Judith Gagnon (then Fontaine)

requested as relief, among other things, an order for the conveyance of the real estate "located at 265 Ames Rd . . . standing in the name of Judith Fontaine and Robert P. Fontaine as recorded with Hampden County Registry of Deeds, Bk. 3829, Pg. 508."[1] The judgment of divorce nisi entered on January 10, 1984, ordered Robert to

> "convey and transfer to said Plaintiff all of his right and interest into [*sic*] the real estate together with the contents thereof located at 265 Ames Rd., Hampden, in the County of Hampden, as more fully described in the Hampden County Registry of Deeds in Book 3829, Page 508."

The judge (the first judge) made no findings of fact. Under sanction from a pretrial order, Robert presented no evidence at the divorce hearing preceding the judgment, and his postjudgment motion for a new trial pursuant to Mass.R.Dom.Rel.P. 59 (1975) was denied ("dismissed") by a Probate Court judge (the second judge).

This appeal arises from the denial of a February 14, 1992, motion filed by Judith to amend the judgment of divorce nisi (with no citation to any specific rule of the Massachusetts Rules of Domestic Relations Procedure; see *DeLuca* v. *DeLuca*, 26 Mass. App. Ct. 191, 192 n.2 [1988]) "to include within it" an order to convey an adjoining parcel of real estate at the former marital home "described in the Hampden County Registry of Deeds in Book 4548, Page 114."[2] The second judge denied the motion on February 14, 1992. We review the avenues open to correct mistakes in judgments and then consider whether any were open in this case. See *Dalessio* v. *Dalessio*, 409 Mass. 821, 832-833 (1991).

We turn to consideration of the Rules of Domestic Relations Procedure, relying on construction of the corresponding

[1]The complaint for divorce is the standard form complaint provided by the Probate Court. There are blanks on the form for inserting the book and page references for deeds.

[2]The house is located on the site referred to by book and page in the original judgment.

Massachusetts Rules of Civil Procedure and Federal Rules of Civil Procedure for guidance, to determine whether there is any provision for the kind of relief Judith sought. See *Chavoor* v. *Lewis*, 383 Mass. 801, 806 n.5 (1981) ("As a general principle, we apply to our rules of civil procedure the construction given to cognate Federal rules").

1. *Rules applicable to efforts to correct mistakes in judgments.*

Several rules of Domestic Relations Procedure allow a party to move for the correction of an error in an order or judgment.

(a) Rules 52(b) and 59(e): Within ten days of the entry of a judgment, a party may move for amendment or alteration of a judgment, to seek additional findings of fact or the correction of errors of law. These rules do not specify to whom any alleged error must be attributed and may apply to errors of the judge or the parties.

(b) Rule 60(b)(1): Within one year of the entry of a judgment, a party may move for relief from that judgment due to "mistake, inadvertence, surprise or excusable neglect." Rule 60(b)(1) applies to mistakes of the parties as well as to those of the court. *DeLuca* v. *DeLuca, supra* at 193 n.3. During the year after judgment is entered, there may be some overlap of the provisions of rules 60(a) and 60(b)(1). See *id.* at 193-194.

(c) Rule 60(a): At any time after the entry of judgment, "clerical mistakes" in the judgment, in the order or other parts of the record "and errors therein arising from oversight or omission" may be corrected by the court, sua sponte, or on motion of a party.[3] The Reporters' Notes to Mass.R.Civ.P.

---

[3]Rule 60(a) of the Massachusetts Rules of Domestic Relations Procedure is identical to Mass.R.Civ.P. 60(a), 365 Mass. 828 (1974). The rule states:

"Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court."

60 state that "[i]n effect [r]ule 60(a) merely seeks to insure that the record of judgment reflects what actually took place." Mass. Ann. Laws, Rules of Civil Procedure at 585 (Law Co-op. 1982). Thus, unlike rules 52(b), 59(e) and 60(b)(1), rule 60(a) is limited to rectifying a judgment to indicate properly what relief, if any, a judge intended it to effect. As will be seen, the relevant inquiry in this case under rule 60(a) is not what Judith intended (indeed, her intent is not supported by any contemporaneous record of the divorce trial) but what the first judge intended to include in the judgment of divorce nisi. Here, the judgment afforded precisely the relief sought by Judith.

2. *Applicability of Rule 60(a).*

The only rule possibly applicable to Judith's motion is rule 60(a), which places no time limit on motions to correct "clerical mistakes in judgments, orders or the parts of the record and errors therein arising from oversight or omission." Mass.R.Dom.Rel.P. 60(a) (1975). The critical question, then, is whether the judgment of divorce nisi contains a "clerical mistake" or an "error arising from oversight or omission" meriting correction pursuant to rule 60(a).

There are different approaches to analyzing rule 60(a) issues, each representing a slightly different emphasis: (1) determining whether the judgment reflects the intent of the court at the time it was entered; and (2) determining whether the relief requested is essentially "clerical" in nature rather than "substantive" in nature. The two analyses are interrelated, not discrete. See *DeLuca* v. *DeLuca*, 26 Mass. App. Ct. at 194; *Dalessio* v. *Dalessio*, 409 Mass. at 832-833 n.6.

As the Montana Supreme Court has aptly said in a context similar to that in this case:[4]

---

[4]The Montana Supreme Court was interpreting a trial court rule that predated the adoption of the Federal Rules of Civil Procedure. The language of the early Montana rule explicitly reflects the substance of the later-adopted rule 60(a): "In case of an omission or error in the record, the power exists in the court to amend such record so that it shall conform to the actual facts and truth of the case; but a court cannot amend its record

"The rule is well settled in this state that a trial court
has [1] the power at any time to amend any judgment it
has rendered, to the end that such judgment will cor-
rectly express what the court actually decided, where
error has crept into the judgment by reason of mispri-
sion on the part of the clerk, the court, or the attorneys,
appearing on the face of the record. (*Keene* v. *Welsh*, 8
Mont. 305, 21 Pac. 25; *Power & Bro.* v. *Turner*, 37
Mont. 521, 97 Pac. 950; *State ex rel. McHatton* v. *Dis-
trict Court*, 55 Mont. 324, 176 Pac. 608; *St. Onge* v.
*Blakely*, *ante*, p. 1, 245 Pac. 532). Under this rule a
court undoubtedly has authority to correct a misdescrip-
tion of lands contained in the judgment or decree,
where the pleadings and proof correctly described the
land in question. (*State Bank* v. *Schultze*, 63 Mont.
410, 209 Pac. 599).

"It is, however, equally well settled that where the
judgment correctly expressed the decision of the court,
no matter how erroneous that decision may have been
and no matter how proper the attempted amendment
may be, after the judgment has been rendered and en-
tered, the trial court cannot modify the judgment so as
to change the rights thereby fixed and determined.
(*Whitbeck* v. *Montana Central Ry. Co.*, 21 Mont. 102,
52 Pac. 1098; *Finlen* v. *Heinze*, 28 Mont. 548, 73 Pac.
123; *Lee* v. *Laughery*, 55 Mont. 238, 175 Pac. 873).
Such error, being a judicial error, can only be corrected
on motion for a new trial or on appeal to this court.
(*State ex rel. Smith* v. *District Court*, 55 Mont. 602,
179 Pac. 831; *State* v. *Fowler*, 59 Mont. 346, 196 Pac.
992, 197 Pac. 847; *Lee* v. *Laughery*, above).

"Under this rule, an erroneous description of land ap-
pearing in the judgment or decree, but which is in ac-

---

to correct a judicial error or to remedy the effect of judicial non-action."
*State ex rel. Union Bank & Trust Co.* v. *District Court*, 108 Mont. 151,
156 (1939).

cordance with the description given in the complaint and running throughout the proceedings, is a judicial error and cannot be corrected by the trial court on motion as for the correction of a clerical error; the decree is not, under such circumstances, erroneous, but is that which the court intended and did actually render. (*Kemp* v. *Lyon*, 76 Ala. 212; *Van Ness* v. *Crow*, (Tex. Civ. App.), 215 S. W. 572; *Ross* v. *Ross*, 83 Mo. 100; *Bishop* v. *Seal*, 92 Mo. App. 167; *Kurtz* v. *St. Paul & D. R. Co.*, 65 Minn. 60, 67 N.W. 808)."

*Oregon Mort. Co.* v. *Kunneke*, 76 Mont. 117, 123-124 (1926).

"If the flaw lies in the translation of the original meaning to the judgment, then [r]ule 60(a) allows a correction; if the judgment captures the original meaning but is infected by error, then the parties must seek another source of authority to correct the mistake." See *United States* v. *Griffin*, 782 F.2d 1393, 1396-1397 (7th Cir. 1986).[5] "The [r]ule does not permit alterations of factual and legal decisions deliberately made," *id.* at 1396, or correction of "errors of substantive judgment," *Jones* v. *Anderson-Tully Co.*, 722 F.2d 211, 212 (5th Cir. 1984). In this case, rule 60(a) would allow only the enforcement of the first judge's intent in entering the divorce judgment, not a change in its substantive provisions.

On the record presented in this case, the only fair indication of the judge's intent is the wording of the judgment. Contrast *DeLuca* v. *DeLuca*, 26 Mass. App. Ct. at 193, 194 (judge who entered original judgment found his own "inadvertence" to have caused language of judgment to reflect inaccurately his "contemporaneous intention" in framing the judgment). Tracking the language in Judith's complaint for

---

[5]*Griffin* is a rule 60(a) case involving the calculation of interest in a consent decree effecting a foreclosure sale. The judge mentioned an award of interest in the judgment and left blanks to insert the legal rate, but someone entered an incorrect rate in one of the blanks. The Seventh Circuit held that correcting the rate of interest was proper, according to rule 60(a), because it restored the effect intended by the judge who endorsed the consent decree as an order for judgment. 782 F.2d at 1397.

divorce, the first judge ordered Robert to convey real estate located at 265 Ames Rd., Hampden, "*as more fully described* in the Hampden County Registry of Deeds in Book 3829, Page 508" (emphasis supplied). The specification of the land parcel as "265 Ames Rd." is broad enough to encompass both lots now described as comprising the Fontaines' former marital home. Nevertheless, the clause "as more fully described," along with the book and page citation to the Hampden County Registry of Deeds, makes clear the first judge's intent to incorporate into his judgment only the description of the parcel of land on that book and page. Compare *In re Village by the Sea, Inc.*, 98 Bankr. 93 (Bankr. S.D.Fla. 1989)(rule 60[a] implemented where judgment stated intent to provide ingress and egress but referenced inaccurate description of land in separate document) with *Jones* v. *Anderson-Tully Co.*, 722 F.2d at 211 (rule 60[a] held inapplicable where parties to boundary dispute discovered description of adjudicated boundary to be erroneous). The judge's reference to the single deed appears to have been wholly deliberate, as it is exactly what Judith had requested.

Because the plaintiff herself was not even aware of the separate deeds for the adjoining lots, the first judge was not presented with the information necessary to support a conclusion that he intended the result that Judith now seeks. In this regard, it appears that Judith invokes rule 60(a), not for a corrective alteration, but for a modification in the judgment that goes beyond the judge's original intent.[6]

Massachusetts and Federal cases provide no "bright line" rule as to what distinguishes a "substantive" error from a

---

[6]The first judge had retired and was, therefore, unavailable to act as the motion judge. If he had known of the separate deeds when he crafted the judgment, the first judge might have granted Judith all of the real estate comprising the former marital home. The location of the land and the context of the divorce judgment suggest that, had Judith properly designated the lots in her request for relief, she might have received it. Moreover, if Judith had filed a rule 59(e) motion within ten days or a rule 60(b)(1) motion within a year of the judgment, she might have received the relief she now seeks because the first judge could have addressed such motions.

"clerical" error. *Britt* v. *Whitmire*, 956 F.2d 509, 513 (5th Cir. 1992). See, e.g., *Jones* v. *Anderson-Tully Co.*, 722 F.2d at 212 (mistake in describing boundaries in judgment affects "substantive" rights of adjoining property owners); *United States* v. *Griffin*, 782 F.2d at 1396 (giving various examples of errors in awarding interest in judgments, both within and outside purview of rule 60[a]); *Dalessio* v. *Dalessio*, 409 Mass. at 832-833 n. 6 (recalculating division of assets from joint investment account classified as "substantive" relief under rule 60[b]). An alteration has been deemed "clerical," in accordance with rule 60(a), when a portion of the judgment indicates on its face that the alteration reflects a judge's original intent. See, e.g., *Dura-Wood Treating Co., Div. of Roy O. Martin Lumber Co.* v. *Century Forest Indus., Inc.*, 694 F.2d 112 (5th Cir. 1982) (judgment stated intent to award attorney's fees as stipulated by parties but award only reflected a portion of the fees); *In re Village by the Sea, supra.*

That a substantive change in an award could result from a correction of a "scrivener's error" is not a barrier to implementation of the rule. Inevitably, changes made pursuant to rule 60(a) may have "significant effects." *United States* v. *Griffin, supra* at 1397. What is troublesome, however, is a situation where the "clerical mistake" or the error resulting from "oversight or omission" to be corrected by a rule 60(a) motion is not apparent on the face of the judgment.[7] In *Britt* v. *Whitmire, supra* at 512-515, for example, the Federal District Court judge granted the defendant's motion for partial summary judgment and recited that result in the judgment. "Hav[ing] assumed that the court intended to grant summary judgment on all of [p]laintiff's claims," and that the

---

[7]In the situation where the judge who originally ordered the judgment reviews a rule 60(a) motion in light of his or her original intent, the moving party may not have as difficult a task in proving that there was a clerical mistake or error. An appellate court reviews the judge's finding of mistake or error according to an abuse of discretion standard and would grant deference to the judge's determination of his or her own contemporaneous intent in framing the judgment. *DeLuca* v. *DeLuca*, 26 Mass. App. Ct. at 194.

judgment of "partial" summary judgment was a typographical error, the defendant moved for relief pursuant to rule 60(a). *Id.* at 513. The Fifth Circuit held that the defendant's motion, seeking much more than a clarification of typography, was aimed directly at "the substantive rights of the parties, seeking substantive alterations in the judgments" more properly characterized as a rule 59(e) motion. *Id.* at 515. The circumstances presented here call for the same characterization.

A judgment like the one in this case, which appears correct and accurate on its face, will withstand a rule 60(a) motion because further alteration would involve tampering with a judgment ordered by a trial judge who cannot revisit the matter.

*Denial of motion to amend judgment of divorce nisi affirmed.*