Borenstein, J.
INTRODUCTION
The plaintiff Stephen F. Constantine filed this negligence action against the City of Cambridge seeking to recover for personal injuries sustained on February 4, 1994 when he slipped and fell in the parking lot of the Mayor Thomas W. Danehey Park. In a Memorandum of Decision and Order dated November 30, 2001, this Court allowed the City’s motion for summary judgment on the ground that under the “recreational use" statute, G.L.c. 21, §17C, the City could be liable for Constantine’s injuries only if its conduct was willful, wanton or reckless, and Constantine’s allegations did not rise to that level as a matter of law. The plaintiff now moves for reconsideration of this decision pursuant to Mass.R.Civ.P. 59(e). For the reasons discussed below, the plaintiffs motion is ALLOWED.
DISCUSSION
Massachusetts Rule of Civil Procedure 59(e) provides that “[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.” Mass.R.Civ.P. 59(e). This rule encompasses relief in the nature of a motion for reconsideration and is designed to correct judgments which are erroneous because they lack legal or factual justification. Pentucket Manor Chronic Hosp., Inc. v. Rate Setting Comm’n, 394 Mass. 233, 235, 237 (1985); Page v. New England Tel. & Tel. Co., 383 Mass. 250, 252 (1981). See also Gagnon v. Fontaine, 36 Mass.App.Ct. 393, 401 (1994) (noting that a Rule 59(e) motion seeks substantive alterations in the judgment). Where there has been no material change in circumstances, a court is not bound to reconsider a case, issue, or question of law once decided. King v. Globe Newspaper Co., 400 Mass. 705, 707, cert. den., 485 U.S. 940 (1987); Peterson v. Hopson, 306 Mass. 597, 599 (1940). Nonetheless, it is most important for a judge to do justice and he ought to correct any error in an announced decision while he still has the power. Sheriff v. Gillow, 320 Mass. 46, 49 (1946); Franchi v. Stella, 42 Mass.App.Ct. 251, 258, rev. den., 424 Mass. 1109 (1997).
The plaintiff s brief memorandum in opposition to summary judgment argued that the 1998 version of G.L.c. 21, §17C did not immunize the City from a negligence action because it was not enacted until after the plaintiffs injury. The memorandum did not specifically raise the issue of whether the plaintiff was engaging in a recreational use at the time of his injury, and this Court did not focus on that issue.[1] However, it is now clear that the plaintiff s argument is that the version of G.L.c. 21, §17C in effect at the time of his injury immunized municipalities from liability for negligence only where the injured party was engaging in a recreational use at the time of the injury. Accordingly, in the interests of justice, this Court will now address that argument.
The statute, as codified at the time of Constantine’s accident in 1994, provided in relevant part:
An owner of land who permits the public to use such land for recreational purposes without imposing a charge or fee therefor . . . shall not be liable to any member of the public who uses said land for the aforesaid purposes for injuries to person or property sustained by him while on said land in the absence of willful, wanton or reckless conduct by such owner . . .
G.L.c. 21, §17C (1991) (emphasis added). Notwithstanding the public policy implications noted by the City, the plain language of the statute indicates that the exemption for negligence-based liability applies only where the plaintiff was using the land for recreational purposes at the time of the injury. See Catanzarite v. Springfield, 32 Mass.App.Ct. 967, 967 (1992). “It is not the nature or quality of the land or the uses to which it is put by its owners, but the nature of the use the public makes of it, i.e., recreational activity, that determines the applicability of G.L.c. 21, §17C.” Forbush v. Lynn, 35 Mass.App.Ct. 696, 702 n. 10 (1994).
The City argues that the plaintiffs walking through the parking lot of the Mayor Thomas W. Danehey Park on his way home is a recreational activity as a matter of law. The Appeals Court has noted that recreational use includes activities such as “strolling in the park to see animals, flowers, the landscape architecture, or other sights.” Catanzarite v. Springfield, 32 Mass.App.Ct. at 967. In the present case, it is a genuine issue of material fact whether the plaintiffs walking through the park, not necessarily to enjoy the sights, but rather, as the shortest route home, constitutes a recreational use for purposes of G.L.c. 21, §17C. See Id. (concluding that the court properly submitted to the jury the question of whether viewing dinosaur tracks in a municipal park is a recreational use). Accordingly, summary judgment is inappropriate at this time.
*260 ORDER
Upon reconsideration, it is hereby ORDERED that the November 30, 2001 Memorandum of Decision and Order on Defendant’s Motion for Summary Judgment be VACATED. It is further ORDERED thai the defendant’s Motion for Summary Judgment be DENIED.

 The memorandum in the file is only three pages long and it is not clear whether a page may be missing.